1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Shon Morgan (Bar No. 187736)
2  (shonmorgan@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5
   Victoria B. Parker (Bar No. 290862)
6  (vickiparker@quinnemanuel.com)
   50 California Street, 22nd Floor
7  San Francisco, California 94111
   Telephone: (415) 875-6600
8  Facsimile: (415) 875-6700

9
   John F. O'Sullivan (Fla. Bar No. 143154)
10 (johnosullivan@quinnemanuel.com)
   Jason D. Sternberg (Fla. Bar No. 72887)
11 (jasonsternberg@quinnemanuel.com)
   Joshua T. Fordin (Fla. Bar No. 125219)
12 (joshuafordin@quinnemanuel.com)
   2601 South Bayshore Drive, 15th Floor
13 Miami, Florida 33133
   Telephone: (305) 402-4880
14

15
   *Attorneys for Defendants Fenix International Limited,*
16 *Fenix Internet LLC, and Leonid Radvinsky*

17                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
18                    SAN FRANCISCO DIVISION

19
   DAWN DANGAARD, a/k/a ALANA EVANS;          CASE NO. 3:22-cv-01101-WHA
20 KELLY GILBERT, a/k/a KELLY PIERCE;
   JENNIFER ALLBAUGH, a/k/a RUBY, and         **FENIX DEFENDANTS' NOTICE OF**
21            on behalf of themselves and all   **JOINDER TO META DEFENDANTS'**
            others similarly situated,          **ANTI-SLAPP MOTION TO STRIKE**
22            Plaintiffs,                        Date:        September 8, 2022
                                               Time:        11:00 a.m.
23       vs.                                   Location:    Courtroom 12, 9th Floor
                                               Judge:       Hon. William Alsup
24
   INSTAGRAM,      LLC;      FACEBOOK
25 OPERATIONS, LLC; META PLATFORMS,           First Amended Class Action Complaint Filed:
   INC.; FENIX INTERNATIONAL INC.; FENIX      February 23, 2022
26 INTERNET LLC; LEONID RADVINSKY, and
   JOHN DOES 1-10,
27
28            Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 8, 2022 at 11:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Judge William Alsup in Courtroom 12, Ninth Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Fenix International Limited ("Fenix International"), Fenix Internet LLC ("Fenix Internet"), and Leonid Radvinsky ("Mr. Radvinsky," and, collectively with Fenix International and Fenix Internet, the "Fenix Defendants") will and hereby do join the arguments on pages 7-12 of Defendants Instagram, LLC; Facebook Operations, LLC, and Meta Platforms, Inc.'s (the "Meta Defendants") motion to strike (Dkt. 41) Plaintiffs' First Amended Complaint under California's anti-SLAPP statute, Code Civ. Proc. Section 425.16.  The Fenix Defendants' Joinder is based on this Notice of Joinder, the accompanying Memorandum of Points and Authorities, all exhibits and other papers on file in this action, such other evidence and argument as may be presented at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

Date: June 30, 2022

/s/ *Jason D. Sternberg*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Victoria B. Parker (Bar No. 290862)
(vickiparker@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

John F. O'Sullivan (Fla. Bar No. 143154)
(johnosullivan@quinnemanuel.com)
Jason D. Sternberg (Fla. Bar No. 72887)
(jasonsternberg@quinnemanuel.com)
Joshua T. Fordin (Fla. Bar No. 125219)
(joshuafordin@quinnemanuel.com)

2601 South Bayshore Drive, 15th Floor
Miami, Florida 33133
Telephone: (305) 402-4880

*Attorneys for Defendants Fenix International Limited,*
*Fenix Internet LLC, and Leonid Radvinsky*

FENIX DEFENDANTS' NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Fenix International Limited ("Fenix International"), Fenix Internet LLC ("Fenix Internet"), and Leonid Radvinsky ("Mr. Radvinsky")—collectively, the "Fenix Defendants"— hereby join Defendants Instagram, LLC; Facebook Operations, LLC, and Meta Platforms, Inc.'s (the "Meta Defendants") motion to strike Plaintiffs' First Amended Complaint ("Complaint" or "AC") pursuant to the anti-SLAPP statute, Cal. Civ. Proc. Code sec. 425.16, and request that the Complaint be struck with prejudice.  If true, Plaintiffs' claims all turn on a constitutionally-protected act by Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc. (collectively, the "Meta Defendants"): the editorial decision to stop publishing Plaintiffs' content via the Meta Defendants' social media platforms.  Plaintiffs' claims against the Fenix Defendants arise from the same constitutionally-protected act because Plaintiffs allege that the Fenix Defendants conspired with the Meta Defendants to stop publishing Plaintiffs' content.  Plaintiffs have also not met their burden to offer sufficient admissible evidence demonstrating a probability of success on the merits of their claims.  For both these reasons, Plaintiffs' claims must be struck.

## II.    LEGAL STANDARD

Proceeding on an anti-SLAPP claim requires a two-part burden shifting analysis.  *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021).  First, the defendant must make a "prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech."  *Id.*  If the court finds that the first step is satisfied, then "[t]he burden then shifts to the plaintiff ... to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal."  *Id*.  "The plaintiff must do so with admissible evidence," and "[u]nverified allegations in the pleadings or averments made on information and belief cannot make the showing."  *Optional Cap., Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 112, 119.  If the plaintiff cannot show a probability of prevailing on a claim, the claim must be struck.  *Herring*, 8 F.4th at 1155.

## III.    ARGUMENT

### A.    Plaintiffs' Claims Are Subject To A Motion To Strike

1    The Fenix Defendants' join and adopt the Meta Defendants' arguments on pages 7-12 of

2    their concurrently-filed motion to strike (Dkt. 41, "Mot.") that Plaintiffs' claims arise from protected

3    conduct and target conduct concerning an issue of public interest.   Specifically, and without

4    limitation, Plaintiffs' claims are based on the Meta Defendants' "suppressing [Plaintiffs'] content"

5    from social media platforms, AC ¶ 70, and thus target the Meta Defendants' editorial discretion over

6    what content to include or remove from their social media platforms.  Mot. at 9-11.  That editorial

7    discretion is undoubtedly protected activity and an issue of public interest.  *Id*. at 7-12; *see also*,

8    *e.g.*, *Hurley v. Irish-Am. Gay, Lesbian, & Bisexual Grp. Of Boston*, 515 U.S. 557, 573 (1995)

9    (holding that "one who chooses to speak may also decide 'what not to say.'"); *NetChoice, LLC v.*

10   *Att'y Gen., Fla.*, 34 F.4th 1196, 1216 (11th Cir. 2022) ("A social-media platform that exercises

11   editorial discretion in the selection and presentation of the content that it disseminates to its users

12   engages in speech activity." (internal quotations omitted)); *Stackla, Inc. v. Facebook, Inc.*, 2019 WL

13   4738228, at *6 (N.D. Cal. Sept. 27, 2019) ("Facebook's ability to decisively police the integrity of

14   its platforms is without question a pressing public interest.").

15       Plaintiffs' claims against the Fenix Defendants also arise from the same protected activity.

16   The Complaint's allegations are clear: Plaintiffs allege that the Fenix Defendants "conspired" with

17   and "aided" the Meta Defendants in an alleged common "scheme" to "suppress[] [Plaintiffs']

18   content" by removing it from the Meta Defendants' social media platforms.   AC ¶¶ 70-71.

19   Accordingly, Plaintiffs' claims against the Fenix Defendants connect the protected activity – the

20   Meta Defendants' editorial discretion over content removals – with the actions allegedly taken by

21   the Fenix Defendants, bringing the Fenix Defendants within the same sphere as the Meta Defendants

22   for the purposes of Cal. Civ. Proc. Code sec. 425.16.  *See O&C Creditors Grp. LLC v. Stephens &*

23   *Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 568.

24       The California Court of Appeal has ruled that intentional interference claims arise from

25   protected activity if the activity that defendants allegedly conspired to engage in is protected.  In

26   *O&C Creditors Grp.*, plaintiff alleged that two defendants committed an intentional interference

27   tort by "conspir[ing] to secretly pay … settlement proceeds."  *O&C Creditors Grp.*, 42 Cal.App.5th

28   at 568 (internal quotation omitted).  Because settlement activity is protected, the court concluded

that plaintiff's allegations "necessarily demonstrate that the protected [] activity form[s] the basis of" plaintiff's claims. *Id*. (internal quotations omitted) (upholding trial court's decision to strike complaint). This reasoning squarely applies here. Plaintiffs' allegations that the Fenix Defendants conspired with the Meta Defendants to remove content from the Meta Defendants' social media platforms "necessarily demonstrate that the protected [] activity"—editorial discretion over content removals—"form[s] the basis of" Plaintiffs' Unfair Competition Law and intentional interference claims against the Fenix Defendants. *Id*. Indeed, those takedowns are the "wrong complained of" and control for the anti-SLAPP analysis. *Spencer v. Mowat* (2020) 46 Cal.App.5th 1024, 1037. It is not necessary to show that the Fenix Defendants "personally … committed" the takedowns by "the acts which evidence [their] participation in the conspiracy." *Id*. It is sufficient that Plaintiffs' allegations against both the Meta Defendants and Fenix Defendants center on the takedowns, i.e., the protected activity. The Fenix Defendants are, thus, entitled to relief under the anti-SLAPP statute.

**B.      Plaintiffs Cannot Establish A Likelihood Of Success On Their Claims**

Because Plaintiffs' claims fall within the scope of Section 425.16, the burden shifts to Plaintiffs to show a probability of success on the merits. *Herring*, 8 F.4th at 1155. Plaintiffs cannot do so because their claims are not legally sufficient or factually substantiated for the reasons outlined in the Fenix Defendants' concurrently-filed motion to dismiss (Dkt. 40), including because Plaintiffs' "[u]nverified allegations" and thirty-eight "averments made on information and belief cannot make the showing" of merit required. *Optional Cap.*, 18 Cal.App.5th at 119 (upholding trial court's decision to strike complaint after plaintiff "relied on … unverified … information and belief" allegations to resist anti-SLAPP motion); *see also* Dkt. 40 at 16-20.

**IV.    CONCLUSION**

Accordingly, the Fenix Defendants join in the Meta Defendants' motion to strike Plaintiffs' Amended Complaint with prejudice.

Date: June 30, 2022

/s/ *Jason D. Sternberg*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Victoria B. Parker (Bar No. 290862)
(vickiparker@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

John F. O'Sullivan (Fla. Bar No. 143154)
(johnosullivan@quinnemanuel.com)
Jason D. Sternberg (Fla. Bar No. 72887)
(jasonsternberg@quinnemanuel.com)
Joshua T. Fordin (Fla. Bar No. 125219)
(joshuafordin@quinnemanuel.com)
2601 South Bayshore Drive, 15th Floor
Miami, Florida 33133
Telephone: (305) 402-4880

*Attorneys for Defendants Fenix International Limited,*
*Fenix Internet LLC, and Leonid Radvinsky*

FENIX DEFENDANTS' NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on June 30, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  June 30, 2022

By:   _/s/ Victoria B. Parker_
                    Victoria B. Parker

FENIX DEFENDANTS' NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE