QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Victoria B. Parker (Bar No. 290862)
(vickiparker@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

John F. O'Sullivan (Fla. Bar No. 143154)
(johnosullivan@quinnemanuel.com)
Jason D. Sternberg (Fla. Bar No. 72887)
(jasonsternberg@quinnemanuel.com)
Joshua T. Fordin (Fla. Bar No. 125219)
(joshuafordin@quinnemanuel.com)
2601 South Bayshore Drive, 15th Floor
Miami, Florida 33133
Telephone: (305) 402-4880

*Attorneys for Defendants Fenix International Limited,
Fenix Internet LLC, and Leonid Radvinsky*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, a/k/a ALANA EVANS; KELLY GILBERT, a/k/a KELLY PIERCE; JENNIFER ALLBAUGH, a/k/a RUBY, and on behalf of themselves and all others similarly situated, Plaintiffs, vs. INSTAGRAM, LLC; FACEBOOK OPERATIONS, LLC; META PLATFORMS, INC.; FENIX INTERNATIONAL INC.; FENIX INTERNET LLC; LEONID RADVINSKY, and JOHN DOES 1-10, Defendants. | CASE NO. 3:22-cv-01101-WHA **FENIX DEFENDANTS' REPLY IN SUPPORT OF NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE** Date: September 8, 2022 Time: 11:00 a.m. Location: Courtroom 12, 9th Floor Judge: Hon. William Alsup First Amended Class Action Complaint Filed: February 23, 2022 |

## I.     INTRODUCTION

Defendants Fenix International Limited ("Fenix International"), Fenix Internet LLC ("Fenix Internet"), and Leonid Radvinsky ("Mr. Radvinsky")—collectively, the "Fenix Defendants"— submit this reply in support of their joinder to the Meta Defendants' motion to strike Plaintiffs' First Amended Complaint ("Amended Complaint" or "AC") pursuant to the California anti-SLAPP statute, Cal. Civ. Proc. Code sec. 425.16.  As with their opening motion, the Fenix Defendants join and adopt the Meta Defendants' arguments in their concurrently filed reply in support of their anti-SLAPP motion.

Plaintiffs' claims arise from an alleged conspiracy between the Fenix Defendants and the Meta Defendants resulting in the Meta Defendants allegedly removing or suppressing certain content posted by Plaintiffs and other adult entertainment content providers.[1]  In an effort to defeat the Fenix Defendants' anti-SLAPP motion, Plaintiffs' Opposition attempts to draw an artificial distinction between the Meta Defendants' alleged decision to remove content from a website and the decision to not allow such content to be posted in the first place.  But both acts of editorial discretion result in the same outcome — the absence of content from a website.  Plaintiffs' ostensible distinction fails logically, and is contradicted by the case law.  *See Hurley v. Irish-Am. Gay, Lesbian, & Bisexual Grp. Of Boston*, 515 U.S. 557, 573 (1995) (holding that "one who chooses to speak may also decide 'what not to say'"); *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1216 (11th Cir. 2022) ("A social-media platform that exercises editorial discretion in the selection and presentation of the content that it disseminates to its users engages in speech activity." (internal quotations omitted)).  For the reasons discussed in the Meta Defendants' Special Motion to Strike and Reply, Plaintiffs' claims primarily arise from the Meta Defendants' constitutionally-protected act of deciding what content should appear on Meta's social media platforms.  *See e.g.* AC ¶ 3 (Plaintiffs and Class Members were allegedly harmed "by eliminating or reducing their visibility on social

---

[1]   Contrary to Plaintiffs' suggestion (Opp. at 2), the Fenix Defendants do *not* join in the Meta Defendants' Anti-SLAPP motion based on any activity that took place on the Fenix Defendants' online platform, OnlyFans.  Rather, the Fenix Defendants join the Meta Defendants' motion based on the alleged conspiracy resulting in the alleged suppression of speech on the Meta Defendants' platforms.

media."); ¶ 4 (alleging the "deletion and hiding of posts, and reduction in social media traffic for certain providers" was substantial); ¶ 5 (alleging defendants took action "to prompt the platforms to suspend or delete those accounts or otherwise reduce their visibility").  Thus, Plaintiffs' claims plainly "arise[] from protected activity."  *Cf.* Opp. at 6 (quoting *ValueRock TN Properties, LLC v. PK II Larwin Square SC LP*, 36 Cal.App.5th 1037, 1047 (2019)).

Apparently recognizing the Amended Complaint centers on protected speech, Plaintiffs' opposition attempts to re-characterize the Amended Complaint as not challenging the editorial decision whether to post certain content, but rather the supposed decision to allegedly add certain names to a "blacklist."  *See* Opp. at 5, 6.  This again is an attempt at a distinction without a difference, because the entire purpose of the alleged "conspiracy" between the Fenix Defendants and the Meta Defendants was to suppress content.  A "plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a *garden variety* tort claim when in fact the liability claim is predicated on protected speech or conduct."  *Ramona Unified Sch. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 519 (2005) (emphasis original).

The allegations against the Fenix Defendants are only one step removed from the Meta Defendants' constitutionally-protected speech.  It follows that the Fenix Defendants cannot be held liable for a purported "scheme" or "conspiracy" with the Meta Defendants which (if it had in fact occurred) would involve the Meta Defendants' exercise of constitutionally-protected speech.  *See O&C Creditors Grp. LLC v. Stephens & Stephens XII, LLC*, 42 Cal.App.5th 546, 568 (2019) (where "protected activities" lie "at the heart of" the claims asserted, the anti-SLAPP statute applies); *Spencer v. Mowat*, 46 Cal.App.5th 1024, 1037 (2020) (in considering anti-SLAPP motion, the Court looks to "the acts which constitute the tort itself," regardless of whether the defendant "personally . . . committed" those acts)[2]; *see also Rusheen v. Cohen*, 37 Cal.4th 1048, 1062 (2006) ("a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed").

---

[2]   Although *O&C Creditors Group* and *Spencer* were cited in the Fenix Defendants' opening Joinder (*see* Joinder at 2, 3), Plaintiffs do not address either case in their opposition, essentially conceding their applicability to this case.

FENIX DEFENDANTS' REPLY ISO NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE

Plaintiffs' reliance on *Wilson v. Cable News Network, Inc.*, 7 Cal.5th 871 (2019) underscores the proper application of the anti-SLAPP statute to this case. In *Wilson* the California Supreme Court rejected the argument that "a court must accept [the plaintiffs'] allegation that the challenged . . . actions were taken for discriminatory reasons and are therefore unlawful." *Id.* at 887. "Nor does the anti-SLAPP statute require a defendant to disprove allegations of illicit motive." *Id.* Yet here, Plaintiffs ask the Court to simply accept as true their allegations of improper motive in the decision to remove certain content from Meta's social media platforms, without supporting evidence. The Court need not do so; indeed, such arguments regarding alleged motive are irrelevant to the question of whether speech is protected. *See e.g. Hurley*, 515 U.S. at 575 ("whatever the reason [for choosing to exclude a message], it boils down to the choice of a speaker not to propound a particular point of view, and that choice is presumed to lie beyond the government's power to control."). Plaintiffs' claims stem from the Meta Defendants' decision whether or not to post content from certain users, an "activity qualifying for protection" under the anti-SLAPP statute. *Wilson*, 7 Cal. 5th at 887. That this protected decision allegedly resulted in certain users being categorized as Plaintiffs suggest does not change the analysis. *See Rusheen*, 37 Cal. 4th at 1065 ("if the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct").

The Fenix Defendants have made a "prima facie showing that plaintiff[s'] claims arise from defendant's constitutionally protected free speech or petition rights" under the first prong of the Court's analysis. *Curtin Mar. Corp. v. Pac. Dredge & Constr., LLC*, 76 Cal.App.5th 651, 664 (2022). The "burden," therefore, "shifts to the plaintiff[s] to demonstrate that each challenged claim … is legally sufficient and factually substantiated." *Baral v. Schnitt*, 1 Cal.5th 376, 396 (2016).

In an effort to meet this burden, and notwithstanding the fact that the Fenix Defendants' joinder to the Meta Defendants' anti-SLAPP motion is based on the legal deficiencies in Plaintiffs' claims (and not disputed issues of fact), Plaintiffs submit multiple declarations for the Court's consideration. But the Court need not consider these declarations. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018) ("If a defendant makes an anti-SLAPP motion to strike founded on purely legal

arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards.").  Even if the Court were to consider the declarations, however, they fail to substantiate Plaintiffs' claims.  The declaration of Jonathan E. Hochman speculates that the purported "scheme" could have been technologically feasible based on his admittedly incomplete review of undisclosed data, but noticeably absent from his declaration is any evidence that the conspiracy did in fact occur.  The declarations of Jack Aaronson and Kelly Gilbert repeat the allegations in the Amended Complaint and provide speculative explanations for observed trends without offering any evidence that links those trends to the alleged misconduct.  The declaration of Dawn Holt details internet searches conducted by Plaintiffs' attorney, without any connection to the issues raised by the anti-SLAPP briefs.  And the declaration of David Azar focuses on jurisdictional and discovery matters, not Plaintiffs' allegations regarding protected speech.  None of these declarations is admissible evidence supporting the claims, and Plaintiffs' reliance on these declarations only serves to highlight the deficiencies of Plaintiffs' allegations.  Plaintiffs have failed to meet their burden.[3]

***

Plaintiffs' claims arise from constitutionally protected speech, a legal infirmity that cannot be cured.  The Fenix Defendants therefore request that their special motion to strike Plaintiffs' First Amended Complaint be granted, and the Fenix Defendants be awarded their attorneys' fees and costs incurred in bringing the motion.

---

[3]    Given the facial nature of the Fenix Defendants' anti-SLAPP challenge, no discovery is necessary or appropriate to adjudicate the motion.  Thus, there is no reason for the Court to "hold its consideration of the anti-SLAPP in abeyance until Plaintiffs have the opportunity to obtain discovery of evidence," as Plaintiffs request.  Opp. at 3.

1

Date: August 25, 2022

/s/ Jason D. Sternberg

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Victoria B. Parker (Bar No. 290862)
(vickiparker@quinnemanuel.com)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

John F. O'Sullivan (Fla. Bar No. 143154)
(johnosullivan@quinnemanuel.com)
Jason D. Sternberg (Fla. Bar No. 72887)
(jasonsternberg@quinnemanuel.com)
Joshua T. Fordin (Fla. Bar No. 125219)
(joshuafordin@quinnemanuel.com)
2601 South Bayshore Drive, 15th Floor
Miami, Florida 33133
Telephone: (305) 402-4880

*Attorneys for Defendants Fenix International Limited,
Fenix Internet LLC, and Leonid Radvinsky*

FENIX DEFENDANTS' REPLY ISO NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION
TO STRIKE

1

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on August 25, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system and email.

DATED:  August 25, 2022

By:   ___*/s/ Victoria B. Parker*___
Victoria B. Parker

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5.1(i)(3), the undersigned hereby attests that concurrence in the filing of this Fenix Defendants' Reply in Support of Notice of Joinder to Meta Defendants' Anti-Slapp Motion to Strike has been obtained from Jason D. Sternberg and is electronically signed with his express permission.

DATED:  August 25, 2022

By:   ___*/s/ Victoria B. Parker*___
Victoria B. Parker

FENIX DEFENDANTS' REPLY ISO NOTICE OF JOINDER TO META DEFENDANTS' ANTI-SLAPP MOTION TO STRIKE