UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DANGAARD, KELLY GILBERT, and JENNIFER ALLBAUGH,<br><br>Plaintiffs,<br><br>v.<br><br>INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, FENIX INTERNET, LLC, FENIX INTERNATIONAL, LTD., META PLATFORMS, INC., LEONID RADVINSKY, and JOHN DOES 1–10.<br><br>Defendants. | No. C 22-01101 WHA<br><br>**ORDER RE MOTIONS TO DISMISS** |

Plaintiffs will be allowed to re-plead their complaint to meet the issues raised on the motions to dismiss. Plaintiffs must plead their best case.

*First*, as revealed at the hearing, plaintiffs have the benefit of information outside the pleadings that may support their claims. So plaintiffs could have pled more, but they chose not to. For example, plaintiffs state that both a BBC news article and tips from confidential sources support the allegations in the complaint. Plaintiffs refer to the BBC article in the complaint, but they do not include the actual article in the pleading. As to the confidential sources, plaintiffs make no mention of them in the complaint. Rather, plaintiffs should have laid out such information to support reasonable inferences of misconduct. It is plaintiffs' responsibility to plead "enough facts to state a claim to relief that is plausible on its face" and

to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Second*, plaintiffs make many allegations "on information and belief." True, "[t]he *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant." But, where that is not the case, an allegation on information and belief must be "based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017).

Here, it is not clear that all the allegations on information and belief are based on facts peculiarly within defendants' possession. For example, plaintiffs allege: "[o]n information and belief, [adult entertainment performers] who had only promoted [their content on] OnlyFans online or the Radvinsky-affiliated sites, and [who] had never . . . affiliated online with any of OnlyFans' competitors, appeared to be unaffected by [the] automated takedowns and reduced traffic" (First Amd. Compl. ¶ 36). That information is not peculiarly within defendants' possession. Plaintiffs could have gathered such information from those adult entertainment performers themselves. Although plaintiffs provide a graph showing an increase in traffic to OnlyFans, the alleged lack of automated takedowns is only one potential explanation for such a trend. Thus, plaintiffs need to provide factual information that makes such an inference plausible.

*Third*, plaintiffs' allegations of harm are vague. For example, plaintiff Dangaard alleges that her account was deleted *but reinstated at an unspecified time thereafter* (*see* First Amd. Compl. ¶ 45). Moreover, while she "remained a popular performer, so that increasing numbers of potential customers followed her on Instagram," she alleges that her lack of viewership on Instagram "*adversely affected* [her] revenue" (*id.* ¶ 46) (emphasis added). The other two plaintiffs make similar allegations. But such allegations lack specificity. Plaintiffs should provide more detailed allegations regarding the extent of their injuries.

Rather than slug through all of plaintiffs' claims and defendants' myriad defenses, the better course is for plaintiffs to file an amended pleading, with as much cure as possible.

2

Moreover, plaintiffs are to identify, by name, all adult entertainment platforms allegedly included in Meta defendants' terrorist lists. Plaintiffs should be mindful of all other objections raised by defendants and plead their best case to overcome them. Thereafter, we will permit another round of motions to dismiss. A further pleading will not be allowed in all likelihood. (Personal jurisdiction need not be re-briefed in such motions. That issue is already set for separate briefing after the close of jurisdictional discovery.)

Plaintiffs shall file an amended complaint **WITHIN TWO WEEKS** of this order. Defendants shall refile their motions to dismiss **WITHIN TWO WEEKS** of plaintiffs' filing. Plaintiffs shall have **TWO WEEKS** to oppose, and defendants shall have **ONE WEEK** thereafter to reply. A hearing on the motions shall be held on **NOVEMBER 16, 2022**, at **11:30 A.M.**

**IT IS SO ORDERED.**

Dated: September 13, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE