1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jason D. Sternberg (FL Bar No. 72887)
2  jasonsternberg@quinnemanuel.com
50 California Street, 22nd Floor
3  San Francisco, California 94111-4788
Telephone:    (415) 875-6600
4
*Attorneys for Defendants Fenix Internet LLC,*
5  *Fenix International Ltd, and Leonid Radvinsky*

6  MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
7  David E. Azar (SBN 218319)
dazar@milberg.com
8  11766 Wilshire Blvd.  Suite 500
Los Angeles, CA 90025-6551
9  Telephone:    (213) 915-8870

10  *Attorneys for Plaintiffs*

11
UNITED STATES DISTRICT COURT
12
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
13

14
DAWN DANGAARD, et al.,                    Case No. 3:22-cv-01101-WHA
15
            Plaintiffs,                   **STIPULATION AND [PROPOSED]**
16                                        **ORDER REGARDING SEQUENCING**
                                          **ALTER EGO JURISDICTIONAL**
17     vs.                                **DISCOVERY AND ADJUSTING THE**
                                          **SUPPLEMENTAL BRIEFING**
    INSTAGRAM, LLC, et al.,                **SCHEDULE ON JURISDICTIONAL**
18                                        **ISSUES TO THE NEW HEARING DATE**
            Defendants.
19
                                          Complaint Filed: September 28, 2022
20                                        Judge:          William Alsup

21

22          Plaintiffs Dawn Dangaard, Kelly Gilbert, and Jennifer Albaugh (collectively, "Plaintiffs")

23  and  Defendants  Fenix  Internet  LLC,  Fenix  International  Limited,  and  Leonid  Radvinsky

24  (collectively, the "Fenix Defendants") hereby submit this Stipulation Regarding Sequencing Alter

25  Ego Discovery in connection with the Fenix Defendants' motion to dismiss for lack of personal

26  jurisdiction, and adjusting the briefing schedule to the new hearing date set by the Court (one week

27

28

later than originally scheduled) by extending all briefing deadlines by one week as well, for the Court's consideration and approval.

WHEREAS, on September 8, 2022, the Court entered its Order Allowing Jurisdictional Discovery and holding in abeyance the Fenix Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2);

WHEREAS, such discovery is underway, with written discovery having been served, and deposition dates being finalized;

WHEREAS, one issue that has arisen is the extent to which any alter ego jurisdictional discovery should occur now, or potentially occur after the Court has determined whether it has jurisdiction over at least one of the Fenix Defendants, and if it does occur, the proper scope of such discovery;

WHEREAS, for the reasons that follow, the Parties propose that any such alter ego discovery occur as a potential second step;

WHEREAS, specifically, Plaintiffs argue that, to the extent the Court possesses personal jurisdiction over some, but not all, of the Fenix Defendants, all the Fenix Defendants are subject to jurisdiction in California under alter ego principles[1];

WHEREAS, accordingly, Plaintiffs have included alter ego topics in their Fed. R. Civ. P. 30(b)(6) deposition notices to each of the Fenix entity defendants;

---

[1]   Plaintiffs use the phrase "alter ego" here to refer to their argument that certain legal theories would create jurisdiction over other Fenix Defendants due to the Court exercising specific jurisdiction over a different Fenix Defendant, whether called alter ego, piercing, agency or based on other case law concerning jurisdiction over a parent entity or subsidiary because of facts about their structural relationship or control.

WHEREAS, the Fenix Defendants dispute Plaintiffs' alter ego theory on factual and legal grounds, including on the grounds that the alter ego theory is insufficiently pleaded, and dispute the appropriateness of the alter ego topics set forth in the deposition notices;

WHEREAS, the Court's Order does not address the potential of discovery into Plaintiffs' alter ego theories or the sufficiency of Plaintiffs' alter ego allegations to warrant discovery;

WHEREAS, counsel for Plaintiffs and counsel for the Fenix Defendants have conferred and agree that, in the interests of judicial economy and orderly management of this action, the issue of potential discovery into Plaintiffs' alter ego theories need not be addressed unless and until the Court has determined that it has jurisdiction over at least one, but not all, of the Fenix Defendants given that the issue of alter ego is only potentially relevant if the Court determines that it does have personal jurisdiction over one or two, but does not have jurisdiction over all three, of the Fenix Defendants.

WHEREAS, the Parties disagree about the proper scope of any alter ego jurisdictional discovery, with Plaintiffs believing that it will be broader and concern different issues than purposeful availment or direction, as discussed in the parties' briefing.  Thus, there is no need to resolve those disputes unless and until the Court determines it has specific jurisdiction over at least one of the Fenix Defendants. In that scenario, Plaintiffs may attempt to argue that the Court could still exercise jurisdiction over all of the Fenix Defendants to the extent the Court found they were alter egos of each other.

WHEREAS, counsel for Plaintiffs and counsel for the Fenix Defendants propose that the Court address potential alter ego discovery as a second step, and in the interim, agree that Plaintiffs' withdrawal of their alter ego deposition topics and failure to attempt to take alter ego discovery during this jurisdictional discovery period is without prejudice to Plaintiffs' ability to seek

permission to take alter ego discovery for jurisdictional purposes at a later date in the event the Court determines that it has personal jurisdiction over some, but not all, of the Fenix Defendants.

WHEREAS, counsel further propose that because the Court rescheduled the hearing date regarding jurisdiction by one week, moving the hearing from March 23, 2023 to March 30, 2023, the Court also extend all briefing deadlines by 7 days, which will permit the Parties additional flexibility to complete the written discovery and then conduct the two depositions, while maintaining the same interval between briefs and before the hearing as originally ordered.

NOW THEREFORE, THE PLAINTIFFS AND THE FENIX DEFENDANTS REQUEST THAT THE COURT:

1. Clarify that the Court's Order granting jurisdictional discovery does not contemplate discovery into alter ego theories at this time, and that the Court and the Parties will address such potential alter ego discovery to the extent that the Court determines that it has personal jurisdiction over some but not all of the Fenix Defendants.

2. Order that all briefing deadlines regarding jurisdictional discovery are extended by 7 days.

WHEREFORE, the Parties respectfully request that the Court enter this Stipulation as an Order of the Court.

IT IS SO STIPULATED.


DATED:  January 17, 2023                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            By /s/ Jason D. Sternberg
                                               Jason D. Sternberg
                                               Attorneys for Defendants
                                               Fenix Internet LLC,
                                               Fenix International Limited, and
                                               Leonid Radvinsky

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC


By /s/ David E. Azar
    David E. Azar
    Attorneys for Plaintiffs
    Dawn Dangaard,
    Kelly Gilbert, and
    Jennifer Albaugh


**PURSUANT TO STIPULATION, IT IS SO ORDERED**


Dated: _____          _____
                                                  Judge William H. Alsup
                                                  UNITED STATES DISTRICT JUDGE

**<u>SIGNATURE ATTESTATION</u>**

I, David Azar, attest that all signatories listed above, on whose behalf this filing is submitted, concur in this filing's content and have authorized the e-filing of this foregoing document.

/s/ David E. Azar
David E. Azar

1

## CERTIFICATE OF SERVICE

2

On January 17, 2023, I electronically filed the foregoing with the Clerk of the Court by

3

using the CM/ECF system which will send a notice of electronic filing to all persons registered for

4

ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have

5

been so served.

6

7                                                       /s/ David E. Azar
                                                         David E. Azar
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:22-cv-01101-WHA
                                                                     CERTIFICATE OF SERVICE