**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
David E. Azar, Esq. (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (866) 252-0878
dazar@milberg.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC, et al., <br><br> Defendants. | Case No. 3:22-cv-01101-WHA <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER FENIX DEFENDANTS' MATERIALS SUBMITTED IN SUPPORT OF PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER SHOULD BE SEALED** <br><br> **[Civil Local Rule 79-5(f)]** <br><br> Judge: Hon. William Alsup <br><br> Trial date: Not set |

## I. **INTRODUCTION**

Fenix Defendants designated as confidential certain information and deposition testimony during jurisdictional discovery, some of which are referenced or attached to Plaintiffs' supplemental brief. Accordingly, Plaintiffs Dawn Dangaard, Kelly Gilbert, and Jennifer Allbaugh ("Plaintiffs") hereby moves this Court, pursuant to Civil Local Rule 79-5(f), and the Stipulated Protective Order (Dkt. Nos. 116, 119), for an Order determining whether the following documents attached to the Azar Declaration in support of Plaintiffs' response, deemed confidential by Fenix Defendants, and submitted in support of Plaintiffs' Response to Show Cause Order ("Plaintiffs' Response"), and the portions of Plaintiffs brief referencing information designated a confidential, should be sealed:

Exhibits 1, 2, 3, 4, 5, 6, 9, 10, 13 to the Declaration of David Azar in support of Plaintiffs' response.

Under the Local Rules of this District, where a party seeks to file under seal material designated confidential by another party, the submitting party must file a motion to consider whether the documents should be sealed, *see* Civil L.R. 79-5(f), and "[w]ithin 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in subsection (c)(1)." *See* Civil L.R. 79-5(f)(3). Subsection (c)(1) requires a statement that establishes the "applicable legal standard and the reasons for keeping a document under seal." *See* Civil L.R. 79-5(c)(1).

Fenix Defendants ("Designating Party") have designated Exhibits 1, 2, 3, 4, 5, 6, 9, 10, 13 to the Declaration of David Azar in support of Plaintiffs' response as "confidential" pursuant to the Stipulated Protective Order that was entered in this matter. *See* Declaration of David Azar filed concurrently herewith ("Azar Seal Decl."). Accordingly, Plaintiff's Counsel are obligated to file

these documents under seal pursuant to the Stipulated Protective Order and local rules, so that Fenix Defendants can provide the Court with the required showing. The present confidentiality designations by Fenix Defendants already reflect meet and confer efforts by Plaintiffs, that have resulted in revisions to Fenix Defendants original confidentiality designations. *Id.* .

## II. LEGAL STANDARD

There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). A party seeking to file documents under seal "bears the burden of overcoming [the] strong presumption" in favor of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (quotations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. at 1096. "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

When considering a motion to seal, courts apply two different standards based upon the underlying motion and not the documents themselves. If documents are attached to a non-dispositive motion, the designating party must demonstrate "good cause" to justify keeping the records under seal. *Kamakana*, 447 F.3d at 1180. However, if the records are attached to a dispositive motion, the party is held to a higher standard and must show "compelling reasons" to seal judicial records. *Id*. at 1179.

Here, because Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 40) is a dispositive motion, the higher standard applies. *Logic Works, LLC v. Spinnaker Int'l, LLC*, No.

2:17-cv-02184-JAD-NJK, 2017 WL 11504122, at *1 (D. Nev. Oct. 18, 2017

Relevant factors to consider in determining whether compelling reasons exist "include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use ...'" *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (quoting *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. "But 'the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Shimmick Const. Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L*., No. 13-CV-2700-BAS JLB, 2015 WL 5827396, at *1 (S.D. Cal. Oct. 5, 2015) (internal quotation omitted).

### III. ARGUMENT

1. Exhibit 1 attached to the Azar Declaration in support of Plaintiffs' Response is a deposition transcript of a 30(b)(6) witness for Fenix International Ltd. which has been marked "Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 7. Exhibit 2 attached to the Azar Declaration in support of Plaintiff's Response is Fenix International Limited's Objections and Responses to Plaintiffs' First Set of Interrogatories Propounded to Fenix Entity Defendants Regarding Jurisdictional Discovery which has been marked "Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 8. Exhibit 3 to the Azar Declaration in support of Plaintiffs' Response is a deposition transcript of a 30(b)(6) witness for Fenix Internet LLC ("Lea Deposition"), portions of which have been marked "Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 9. Exhibit 4 to the Azar Declaration in support of Plaintiff's Response is a consulting agreement which has been marked

"Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 10. Exhibit 5 to the Azar Declaration in support of Plaintiff's Response is the "Confidential" portion of Fenix Internet LLC's Objections and Responses to Plaintiffs' First Set of Interrogatories Propounded to Fenix Entity Defendants Regarding Jurisdictional Discovery . Azar Seal Decl. ¶ 11. Exhibit 6 to the Azar Declaration in support of Plaintiff's Response is Leonid Radvinsky's Objections and Responses to Plaintiffs' First Set of Interrogatories Propounded to Fenix Defendants Regarding Jurisdictional Discovery which has been marked "Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 12.  Exhibit 9 is a true and correct copy of emails from Fenix Defendants' counsel dated February 6 and February 7, 2023 which contain a list of Fenix Defendants' custodians and search terms used for the purpose of their ESI collection. Azar Seal Decl. ¶ 12.  Exhibit 10 to the Azar Declaration in support of Plaintiffs' Response  is an email from Fenix Defendants' counsel dated February 6, 2023 identifying 52 unproduced contracts between Fenix International and California entities which has been marked "Confidential" by Fenix Defendants. Azar Seal Decl. ¶ 13. Exhibit 13, which is a true and correct copy of deposition Exhibit number 5 (independent contractor agreements with California residents identified in Fenix Internet's interrogatory responses), Azar Seal Decl. ¶ 14..

Plaintiffs' counsel is obligated to file the above documents under seal, and portions of their Response referring to information designated as confidential, because they have been designated as "Confidential" by Fenix Defendants pursuant to the Stipulated Protective Order that was entered in this matter. Dkt. Nos. 116, 119; *see also* Civil L.R. 79-5(d)-(e). Plaintiffs' counsel has exercised care to only redact information that has been deemed "Confidential" by Fenix Defendants. Azar Seal Decl., ¶ 17. Fenix Defendants have seven days from the filing of this motion to file a declaration or statement establishing that all of the designated information is sealable. *See* Civil L.R. 79-5(f)(3).

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully submit this Administrative Motion to Consider Whether Fenix Defendants' Material Should Be Sealed.

Dated: February 14, 2023                              Respectfully submitted,

                                                  By: */s/* David Azar

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
DAVID E. AZAR
280 S. Beverly Drive, Suite PH
Beverly Hills, California  90212
Telephone: 1-866-252-0878
dazar@milberg.com
*Counsel for Plaintiffs*