Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
michael.esser@kirkland.com

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Erin Olivia Quick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
devin.anderson@kirkland.com
erin.quick@kirkland.com

John P. Hannon (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 877-8100
Facsimile: (801) 877-8101
Email: john.hannon@kirkland.com

*Attorneys for Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, *et al.*, <br><br>Plaintiffs,<br><br>v.<br><br>INSTAGRAM, LLC, *et al.*,<br><br>Defendants. | CASE NO. 3:22-cv-01101-WHA<br><br>**DEFENDANTS INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, AND META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CERTAIN MATERIALS SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11(b) and 79-5, Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc. (collectively "Meta") submit this response to support the continued sealing of certain portions of Plaintiffs' Status Report About Ordered Discovery and Request for Direction Regarding Motions to Compel *Wired* and Its Reporter (ECF Nos. 156-3, 157, "Status Report") that quote from the May 24, 2023 deposition of *WIRED* Magazine reporter Dell Cameron, because they discuss the contents of a document that Meta previously moved to seal on the basis that it bears no indicia of authenticity, reliability, or credibility and would harm Meta if made publicly available. Meta also seeks to seal certain portions of the twelve purported FedPayments Manager printouts showing purported wire transfers that are attached as Exhibits 1-12 to Exhibit A to the Status Report (ECF Nos. 156-4, 157-1) that reveal financial information and refer to the name of a minor child, which is consistent with the Court's prior sealing order and the Federal Rules of Civil Procedure. *See* 11/30/22 Order re Mots. to Dismiss (ECF No. 101) at 13–14.

A party seeking to file all or portions of a document related to a dispositive motion under seal "must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (brackets in original) (citations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure" exist when court records might "'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements . . . ." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Where a filing for which a party seeks to seal a document is "only tangentially related to the merits," it "may be sealed upon a lesser showing of 'good cause.'" *People.ai, Inc. v. SetSail Techs., Inc.*, 2022 WL 2191618, at *1 (N.D. Cal. May 17, 2022) (Alsup, J.) (citation omitted). In addition, Federal Rule of Civil Procedure 5.2(a) states that when a filing "contains . . . the name of an individual known to be a minor[] or a financial-account number, a party or nonparty making the filing may include only: . . . (3) the minor's initials; and (4) the last four digits of the financial-account number."

**Dell Cameron Deposition Transcript Excerpts.** The Court should continue to seal certain portions of the Cameron deposition transcript excerpts quoted in plaintiffs' Status Report because they contain questions and testimony referring to the contents of a document that bears no indicia of

authenticity, reliability, or credibility, and would harm Meta if made publicly available. The deposition of Mr. Cameron occurred in conjunction with a subpoena that was served at this Court's order. 3/29/23 Minute Order (ECF No. 143). During the deposition, plaintiffs questioned Mr. Cameron concerning a document that had been conditionally filed under seal: a "Recently Obtained Transcript of an Alleged Internal Facebook Document." *See* ECF Nos. 138, 138-3. Meta previously moved to keep the "transcript" under seal because the document bears no indicia of authenticity, reliability, or credibility, and there are several aspects of the document that strongly suggest that it is, in fact, not authentic. *See* 4/4/23 Meta's Resp. to Pls.' Admin. Mot. to Consider Whether Certain Materials Should be Sealed (ECF No. 145, "Motion to Seal Exhibit A"). Meta has conducted a thorough search and has found no evidence of the document that is purported to be transcribed in Exhibit A or the investigation it purports to describe. S. Mannai Decl. (ECF No. 145-1) ¶¶ 4–5, 7. When Mr. Cameron provided certain excerpts of this "transcript" to Meta in January 2023, Meta performed an extensive search of relevant documentary sources to locate the alleged investigative report or anything that would support the existence of the investigation that is being described. *See id.* ¶¶ 2–5. These searches included keyword searches that tracked the excerpts that were provided by *WIRED*, many of which appear verbatim in the "transcript." *Id.* ¶¶ 3–4. Meta found no documents that showed the investigation described in the "transcript" ever took place, and no evidence of the "report" that is supposedly transcribed in plaintiffs' Exhibit A. *Id.* ¶ 5. Meta also conducted more than 30 privileged interviews with employees to determine whether any such investigation ever occurred. *Id.* ¶ 7. Those interviews also turned up nothing: Meta found no evidence of the "investigation" described in the "transcript" or evidence that supported the inflammatory allegations that are contained in Exhibit A. *Id*. As Meta's Motion to Seal Exhibit A explains, there is no public interest in a document of such questionable authenticity and reliability. 4/4/23 Meta's Mot. to Seal Ex. A (ECF No. 145) at 3.

The discovery the Court ordered of *WIRED* magazine was to be focused on plaintiffs' allegations of bribery. The Court expressly stated the purpose of the subpoena should be "to prove up as much as can be proved up about bribes. And to learn the identities of anybody who's providing information to *WIRED*." 3/29/23 Hr'g Tr. (ECF No. 144) at 60:16–20. Although the "transcript" of the "alleged internal Facebook" document does *not* contain any allegations of bribery, plaintiffs nevertheless questioned

*WIRED*'s representative about the document. *WIRED* provided no factual information or admissible evidence supporting the authenticity or reliability of the document. Although plaintiffs cite a portion of Mr. Cameron's testimony in which he says that *he* entertains a belief that the document is authentic, that is of no evidentiary value because Mr. Cameron refused to testify as to any of the *facts* supporting that belief. *See* 5/31/23 Status Report at 8–9 n.2 (quoting the rough transcript of May 24, 2023 deposition of Dell Cameron).

Thus to the extent that plaintiffs' counsel's questions reveal the contents of the alleged internal Facebook document, that content should remain under seal for the same reasons that Meta requested the Court seal the "transcript": Meta has good reason to believe that the underlying document is a fabrication whose very purpose is to "promote public scandal" and "circulate libelous statements." *Kamakana*, 447 F.3d at 1179. The public has no more legitimate interest in the publication of questions from a deposition transcript repeating details about a defamatory document that bears no indicia of authenticity or reliability than it does in the publication of the document itself. If these false accusations become public through the unsealing of the deposition questions related to this unauthenticated document, Meta and the individuals defamed by the document will face serious harm to their reputations. Moreover, sealing the portion of plaintiffs' Status Report that repeat the allegations in the transcript would protect the public interest of not allowing court filings to "become a vehicle for improper" circulation of falsehoods that appear to be deliberately designed to damage the reputation of Meta and its executives. *Id.* (quoting *Nixon*, 435 U.S. at 598). Because portions of the excerpts of Mr. Cameron's deposition quoted in plaintiffs' Status Report repeat statements from anonymous individuals about a document that bears no indicia of authenticity or reliability and contains numerous statements that the individuals involved maintain are false, their release would serve only to inflame the public and promote scandal. Meta's proposed redacted version of plaintiffs' Status Report is attached as Exhibit 1. Meta has proposed narrower redactions than what plaintiffs filed under seal that are limited to the questions and answers that refer to the document at issue. Redaction of these portions of the quotes from Mr. Cameron's deposition is the least restrictive means of redacting plaintiffs' Status Report to prevent the harm to Meta and its executives.

**FedPayments Manager Printouts.** The content of these is the same as Exhibit D to the Second Amended Complaint. The Court previously ruled that "redaction is appropriate" with respect to certain

1  information in Exhibit D that Federal Rule of Civil Procedure 5.2 directs should be redacted. 11/30/22
2  Order re Mots. to Dismiss (ECF No. 101) at 13–14. Meta requests that this Court seal the same content
3  that is sealed in Exhibit D: "all but the last four digits of each account number" shown in the FedPayments
4  Manager printouts and "the name of the minor referenced" in Exhibits 1 and 8 of Exhibit A to plaintiffs'
5  Status Report. *Id.* at 14. Meta's proposed redacted version of Exhibit A to plaintiffs' Status Report is
6  attached as Exhibit 2

\*     \*     \*

8  Accordingly, Meta requests that the Court seal the portions of plaintiffs' Status Report that quote
9  certain portions from the May 24, 2023 deposition of *WIRED* Magazine reporter Dell Cameron and the
10 portions of the twelve purported FedPayments Manager printouts showing full account numbers and the
11 name of a minor child.

| | | |
|---|---|---|
| 1 | DATED: June 7, 2023 | KIRKLAND & ELLIS LLP |
| 2 | | |
| 3 | | Respectfully submitted, |
| 4 | | |
| 5 | | */s/ Devin S. Anderson* |
| 6 | | K. Winn Allen, P.C. (admitted *pro hac vice*) |
| | | Devin S. Anderson (admitted *pro hac vice*) |
| 7 | | Erin Olivia Quick (admitted *pro hac vice*) |
| | | KIRKLAND & ELLIS LLP |
| 8 | | 1301 Pennsylvania Avenue, N.W. |
| | | Washington, D.C. 20004 |
| 9 | | Telephone: +1 202 389 5000 |
| | | Facsimile: +1 202 389 5200 |
| 10 | | winn.allen@kirkland.com |
| | | devin.anderson@kirkland.com |
| 11 | | erin.quick@kirkland.com |
| 12 | | |
| 13 | | Michael P. Esser (SBN 268634) |
| | | KIRKLAND & ELLIS LLP |
| 14 | | 555 California Street |
| | | San Francisco, CA 94104 |
| 15 | | Telephone: +1 415 439 1400 |
| | | Facsimile: +1 415 439 1500 |
| 16 | | michael.esser@kirkland.com |
| 17 | | |
| | | John P. Hannon (admitted *pro hac vice*) |
| 18 | | KIRKLAND & ELLIS LLP |
| | | 60 East South Temple |
| 19 | | Salt Lake City, UT 84111 |
| | | Telephone: +1 801 877 8100 |
| 20 | | Facsimile: +1 801 877 8101 |
| | | john.hannon@kirkland.com |
| 21 | | |
| 22 | | *Attorneys for Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc.* |

**CERTIFICATE OF SERVICE**

On June 7, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

/s/ *Devin S. Anderson*
Devin S. Anderson