# EXHIBIT 1

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
David E. Azar, Esq. (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: 1-866-252-0878
dazar@milberg.com

**EMERGE LAW GROUP, P.C.**
Timothy L. Alger (SBN 160303)
100 Spectrum Center Drive, Suite 900
Irvine, California 92618
Telephone: 949-936-2610
tim@emergelawgroup.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DANGAARD, a/k/a ALANA EVANS, ASHLEY NICOLE MILLER, a/k/a NICOLE ANISTON, KELLY GILBERT, a/k/a KELLY PIERCE, JENNIFER ALLBAUGH, a/k/a RUBY, and LAURA ALLEN, a/k/a AMBER LYNN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNET LLC, FENIX INTERNATIONAL INC., META PLATFORMS, INC., INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, LEONID RADVINSKY, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:22-cv-01101-WHA<br><br>**PLAINTIFFS' STATUS REPORT ABOUT ORDERED DISCOVERY AND REQUEST FOR DIRECTION REGARDING MOTIONS TO COMPEL WIRED AND ITS REPORTER**<br><br>Submitted pursuant to Order of March 30, 2023 [ECF 143]. |

Plaintiffs submit this update on the discovery ordered by the Court on March 30, 2023 [ECF 143], along with a request to the Court for direction about potential motions to compel as to Wired, its reporter, and an editor.

Thus far, five witnesses have been deposed pursuant to the Court's Order. On May 24, 2023, at the Court's instruction, Plaintiffs deposed Wired Magazine reporter Dell Cameron, who testified both in his individual capacity and as the Rule 30(b)(6) designee of Advance Magazine Publishers, Inc., owner of Wired. On May 25, 2023, Plaintiffs deposed Meta executive Lady Nicola Mendelsohn (one of the executives who had submitted a declaration in this litigation). Later that day, the parties deposed Andrew Couts, the editor at Wire Magazine who supervised Mr. Cameron in his investigation of the transcript of the purported internal report describing whitelisting of OnlyFans and misuse of a terrorist blacklist at Facebook. On May 30, 2023, Plaintiffs deposed Meta executive Christian Perrella, who also submitted a declaration.

Two additional depositions are currently scheduled: June 8, 2023 for Meta executive Sir Nicholas Clegg (who also submitted a declaration), and June 9, 2023 for the Federal Reserve Bank of New York.[1] Barclays Bank Delaware responded to a subpoena served by Plaintiffs in part by advising them on May 30, 2023, that Plaintiffs need serve a different Barclays entity in New York for wire transfer records, which Plaintiffs are noticing for June 28, 2023. HSBC served objections and requested additional time to search its records. Plaintiffs are attempting to authenticate and verify the accuracy and contents of 12 FedPayments Manager printouts showing purported wire transfers. Plaintiffs request an additional month to continue to pursue and schedule the bank depositions, and to submit a further status report at that time or move to compel if appropriate. If permitted by the Court, lead Plaintiffs' counsel would schedule the remaining depositions toward the end of June due to a family vacation June 9-19. In the meantime, Plaintiffs will continue to

---

[1] Plaintiffs originally served the Federal Reserve itself, which objected and advised that the Fedwire Funds Service and the FedPayments Manager was administered collectively by the 12 Federal Reserve Banks which are independent entities, and Plaintiffs needed to subpoena the individual bank(s) instead of the Board. Plaintiffs determined that each separate Federal Reserve Bank has separate search capabilities for records, and understand that the New York bank has the most robust search capabilities, and thus issued a new subpoena to that entity.

pursue these depositions unless otherwise directed by the Court.

One of HSBC's objections is that Plaintiffs provided the bank with copies of records from the FedPayments Manager, which are not HSBC records, and therefore HSBC may be unable to confirm or deny that particular information. Plaintiffs are requesting information on all 12 of the purported wire transfers evidenced by the FedPayments Manager printouts. As the Court may recall, counsel for Plaintiffs provided one of the printouts to the Court at the March 30, 2023 hearing and informed the Court that they had received others and would seek to verify them.

The Federal Reserve originally objected to Plaintiffs' subpoena in part because the Court's order as to the Fed subpoena referred only to the one bank record submitted at the hearing. Plaintiffs included all 12 printouts in the subpoenas to HSBC and the Federal Reserve Bank of New York (and before that to the Federal Reserve), consistent with what Plaintiffs understood was the Courts direction to pursue all evidence they had about purported wire transfers, instead of only the one example submitted at the hearing. Plaintiffs submit those bank records as <u>Exhibits 1-12</u> of Exhibit A hereto, which is the current version of the subpoena to the Federal Reserve Bank of New York, filed conditionally under seal, specifying the document requests and topics for testimony. If the Court has any concern with the scope of the attached subpoena, Plaintiffs ask for direction; otherwise, Plaintiffs will continue to proceed to enforce these subpoenas to the banks.

Counsel for Defendants have requested to participate in all meet and confer communications about the subpoenas issued by Plaintiffs, and Plaintiffs' counsel responded that they are unaware of any authority requiring Plaintiffs to include Defendants in communications with third parties, and Defendants have not provided any. Plaintiffs suggested that Defendants serve their own subpoenas if they wished, but Defendants have not done so.

Wired and its reporter and editor refused to answer multiple questions regarding unpublished information posed by counsel for both Plaintiffs and Defendants based on the California newsgatherers' shield law (Cal. Const. Art. I, Sec. 2(b), and Cal. Evid. Code § 1070) and the qualified First Amendment journalist's privilege (*Schoen v. Schoen*, 5 F.3d 1289 (9th Cir. 1993)). Mr. Cameron refused to testify about anything other than some of his communications

3

PLAINTIFFS' STATUS REPORT ABOUT ORDERED DISCOVERY AND REQUEST FOR DIRECTION REGARDING MOTIONS TO COMPEL WIRED AND ITS REPORTER
Case No. 3:22-cv-01101-WHA

1  with Plaintiffs' counsel; he declined to identify his source for the transcript of the internal report
2  but testified that he believed the portion of the transcript he emailed to Plaintiffs' counsel
3  (presented as an exhibit during the deposition) was an accurate rendition of the text of an original
4  copy of an internal report which he had reviewed, and the internal report itself was authentic. Mr.
5  Cameron also testified that he had had communications with Meta and its attorneys, but he declined
6  to disclose them or produce any documents relating to those communications. Mr. Couts (the
7  editor) declined to answer *any* questions about Wired's investigation.

8       It is unclear what the Court's expectation is for moving to compel on those objections since
9  this discovery was ordered by the Court: (1) whether the Court requires the parties to move to
10 compel on all objections, and (2) which parties have the obligation to make the motion and on
11 what aspects. Defendants seemed to suggest that Plaintiffs have the obligation to move to compel
12 as to all issues (document production and testimonial objections), but Plaintiffs believe that each
13 party should have the option, but not the obligation, to move to compel on matters for which they
14 seek relief.

15      To give the Court a sense of the objections and one potentially important series of
16 testimony and objections, we include the following sequence from the rough transcript of Mr.
17 Cameron (111:13-115:11). Plaintiffs submit this portion of this filing conditionally under seal for
18 Meta to make a motion seeking approval of sealing because Meta designated the entire transcript
19 as confidential – a designation that Wired's counsel objected to and which Plaintiffs' counsel also
20 believes lacks legal basis.



21      13      Q.   You told Mr. Azar that ███████████
22      ███████████████████████████████████████
23      ███████████████████████
24      16           MS. CAROLAN:  I'm going to object on the
25      17      basis of reporter's privilege, and instruct the
26      18      witness not to answer unless he can do so
27      19      without implicating the protections or

28

```
1    20      otherwise elects to testify.
2    21         A.  I can't comment on or confirm or deny
3    22   communicating with any sources.
4    23            And what's more, I do not feel that
5    24   Mr. Azar waiving any privilege or confidential
6    25   conversations we may have had is legitimate because
7                              111
8     1   he is under order to depose me, and I feel that this
9     2   is happening under duress.
10    3         MS. CAROLAN:  Mr. Cameron, just answer the
11    4      questions.  Again, don't -- you don't need to
12    5      offer commentary or justification for your
13    6      legal positions.
14    7         A.  I decline to answer the question.
15    8   BY MR. ALGER:
16    9         Q.  You told Mr. Azar that ▮▮▮▮▮▮▮▮▮▮
17        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20   13         A.  I instructed -- I mean, I told Mr. Azar
21   14   that I believed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25        ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26   19         Q.  And you told Mr. Azar that your source had
27   20   been offered a job, correct?
28
                             5
```

```
21         MS. CAROLAN: I'm going to object to the
22    extent it calls for information protected by
23    the reporter's privilege, and instruct the
24    witness not to answer unless he can do so
25    without implicating those protections or
                          112
 1    otherwise elects to.
 2    A.  I decline to answer the question.
 3    BY MR. ALGER:
 4    Q.  Did you tell Mr. Azar that ███████████
      ████████████████████████████████
 6    A.  Yes.
 7         THE WITNESS: Can I take a very short
 8    break? Someone is at my door. I apologize.
 9         MR. ALGER: Of course. We can go off the
10    record.
11         THE WITNESS: I'll be right back.
12         (Recess taken.)
13    BY MR. ALGER:
14    Q.  Mr. Cameron, ██████████████████
      ████████████████████████████████████
      ████████████████████████████████
17         MS. CAROLAN: I'm going to object to the
18    extent it calls for information protected by
19    the reporter's privilege.
20    BY MR. ALGER:
21    Q.  Let me ask the question a different way.
```

6

PLAINTIFFS' STATUS REPORT ABOUT ORDERED DISCOVERY AND REQUEST FOR DIRECTION
REGARDING MOTIONS TO COMPEL WIRED AND ITS REPORTER
Case No. 3:22-cv-01101-WHA

| | | |
|---|---|---|
| 1 | 22 | Did you tell Mr. Azar ▇▇▇ |
| 2 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 3 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 4 | ▇ ▇▇ |
| 5 | | 113 |
| 6 | 1 | A. Yes. |
| 7 | 2 | Q. And you told Mr. Azar ▇▇▇ |
| 8 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 9 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 10 | 5 | A. That's correct. |
| 11 | 6 | Q. And you told Mr. Azar ▇▇▇ |
| 12 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 13 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 14 | ▇ ▇▇ |
| 15 | 10 | A. Yes. |
| 16 | 11 | Q. Do you recall a conversation with Rich |
| 17 | 12 | Bamberger in which you told Mr. Bamberger ▇▇ |
| 18 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 19 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 20 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 21 | ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |
| 22 | 17 | MS. CAROLAN: I'm going to object to the |
| 23 | 18 | extent it calls for information protected by |
| 24 | 19 | the reporter's privilege. I'm going to |
| 25 | 20 | instruct the witness not to answer unless he |
| 26 | 21 | elects to do so or can do so in a manner that |
| 27 | 22 | doesn't implicate the protections. |
| 28 | | |

7

PLAINTIFFS' STATUS REPORT ABOUT ORDERED DISCOVERY AND REQUEST FOR DIRECTION
REGARDING MOTIONS TO COMPEL WIRED AND ITS REPORTER
Case No. 3:22-cv-01101-WHA

```
23        MR. STERNBERG:  Could the reporter read
24   the question back.  I don't think I caught the
25   whole question.
                              114
 1      (Record read.)
 2   A.  I recall telling Mr. Bamberger that I
 3   believed ███████████████████
     ███████████████████████████
     ███████████████████████████
 6   BY MR. ALGER:
 7   Q.  Did you tell Mr. Bamberger that ████
     ███████████████████████████
     ████████████████████
10   A.  I conveyed that I had heard that, but did
11   not state that I had confirmed that detail.
```

(Rough Transcript of May 24, 2023 Deposition of Dell Cameron, individually and as 30(b)(6) witness for Wired, at 111:13-115:11 (emphasis added)).

While Mr. Cameron conveyed an unwillingness to testify about unpublished information obtained during newsgathering, he confirmed in his testimony and that the Meta Defendants have additional information regarding facts contained in the internal report.[2] This and the fact that plenty

---

[2]
```
17   BY MR. ALGER:
18   Q.  Has Meta provided you with any information
19   calling into question the reliability of the
20   internal report?
. . . .
 8   A.  Well, Meta has itself questioned the
 9   reliability of the report.  None of the information
10   that Meta provided me thus far has made me question
11   the authenticity of the document.
```
(footnote continued)

of details are in Meta's possession (including whether OnlyFans had been whitelisted, and details about employees mentioned) provides support for discovery directed at the Meta Defendants, which control alternative sources (employees and former employees) for the information in the transcript, and relating to the authenticity of the transcript and the underlying internal report. *See Schoen*, 5 F.3d at 1296-99 (upholding claim of newsgathering privilege where discovery from other sources was not exhausted).

Respectfully submitted,

DATED: May 30, 2023

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

/s/ David E. Azar
David E. Azar

**EMERGE LAW GROUP, P.C.**
Timothy L. Alger

*Attorney for Plaintiffs and Proposed Class Counsel*

(Id., at 190:17-191:11.)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, the foregoing was electronically filed with the Clerk of the U.S. District Court, Northern District of California, using the CM/ECF system, which will send notification of such filing to all parties.

/s/ David E. Azar
David E. Azar