1  **MILBERG COLEMAN BRYSON**
   **PHILLIPS GROSSMAN, PLLC**
2  David E. Azar, Esq. (SBN 218319)
   280 S. Beverly Drive, Suite PH
3  Beverly Hills, California 90212
4  Telephone: (866) 252-0878
   dazar@milberg.com
5
   **EMERGE LAW GROUP, P.C.**
6  Timothy L. Alger (SBN 160303)
   1020 State Street, Suite 221
7  Santa Barbara, California 93101
   Telephone: 949-322-4322
8  tim@emergelawgroup.com
9
10 *Attorneys for Plaintiffs*

11                    UNITED STATES DISTRICT COURT
12                   NORTHERN DISTRICT OF CALIFORNIA
13
                       SAN FRANCISCO DIVISION
14

15 | DAWN DANGAARD, et al., | Case No. 3:22-cv-01101-WHA |
16 | Plaintiffs, | **PLAINTIFFS' RESPONSE TO DESIGNATING PARTIES META DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CERTAIN MATERIALS SHOULD BE SEALED** |
17 | v. | |
18 | INSTAGRAM, LLC, et al., | |
19 | Defendants. | |
20 | | |
21 | | **[Civil Local Rule 79-5(f)]** |
22 | | **[Pertains to ECF No. 156]** |
23 | | Judge: Hon. William Alsup |

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11(b) and 79-5(f), Plaintiffs do not oppose Meta Defendants' first request to seal portions of the 12 purported wire transfer records, but oppose Meta's other request to seal the excerpts of the deposition of Wired reporter Dell Cameron as failing to meet the legal standards for sealing. These are the documents at issue:

| Document | Designating Party |
|---|---|
| Certain portions of the twelve purported FedPayments Manager printouts showing purported wire transfers that are attached as Exhibits 1-12 to Exhibit A to the Status Report (ECF Nos. 156-4, 157-1) | Meta Defendants |
| Portions of Plaintiffs' Status Report About Ordered Discovery and Request for Direction Regarding Motions to Compel Wired and Its Reporter (ECF Nos. 156-3, 157, "Status Report") that quote from the May 24, 2023 deposition of WIRED Magazine reporter Dell Cameron | Meta Defendants |

**ARGUMENT**

Meta argues for sealing the Cameron excerpts because Meta previously moved to seal the entirety of the document provided by Wired -- the transcript of a portion of a document purportedly created by an insider at a Meta Defendant. Plaintiff previously filed its objection to

1  that blanket request and thus does not repeat those arguments here, which remain pending.  [ECF
2  No. 147].
3      However, the transcript is not relevant here because the excerpts at issue from the
4  Cameron deposition do not disclose the contents of the transcript.  Rather, they pertain to the
5  reporter's investigation to attempt to confirm information and Meta's reaction to his inquiry. It is
6  unclear why statements made by a news reporter to a lawyer about the reporter's investigation
7  and basis for reporting should be sealed.  The questions at the deposition may use the word
8  "report," but they do not say what the transcript purports to say about the substance of the
9  document, and thus do not reveal information that Meta seeks to have sealed. And there is
10 nothing to be sealed about the fact that Wired reviewed and obtained a written transcript of a
11 purported report -- that reference is in the publicly filed portion filings, including that of Meta.
12     Indeed, a journalist's very stock-in-trade is dissemination of information to the public, and
13 it is the *public's* interest that provides the basis for the First Amendment reporter's privilege.
14 *Schoen v. Shoen*, 5 F.3d 1289, 1293-94 (9th Cir. 1993). And a court may not restrain a reporter
15 from publishing information of public concern – even if that information was obtained from a
16 source who broke the law. *Bartnicki v. Vopper*, 532 U.S. 514, 534 (2001). Here, the Wired
17 reporter was deposed pursuant to a Court order about information he acquired outside of court
18 processes – a report that he obtained while performing the investigative reporting that the
19 Supreme Court and the Ninth Circuit (and courts throughout the nation) view as protected by the
20 First Amendment because of the "'profound national commitment to the principle that debate on
21 public issues should be uninhibited, robust, and wide-open.'" *Id*. at 534 (quoting *New York Times*
22 *Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). Given this, to seal a deposition of a reporter who
23 cannot be restricted from publishing the information that was the subject of the questioning defies
24 common sense.

Therefore, the rationale offered by the Meta Defendants (keeping the contents of the transcript under seal) is inapplicable and does not support their proposed request to seal Meta's request to designation portions of the Cameron deposition is thus an overdesignation, unsupported by the legal standards they offer.

Dated: June 14, 2023				Respectfully submitted,

						By: /s/ David Azar

						MILBERG COLEMAN BRYSON
						PHILLIPS GROSSMAN PLLC
						DAVID E. AZAR
						280 S. Beverly Drive, Suite PH
						Beverly Hills, California  90212
						Telephone: 1-866-252-0878
						dazar@milberg.com

						EMERGE LAW GROUP, P.C.
						Timothy L. Alger (SBN 160303)
						1020 State Street, Suite 221
						Santa Barbara, California 93101
						Telephone: 949-322-4322
						tim@emergelawgroup.com

						*Counsel for Plaintiffs*