1  **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
   David E. Azar, Esq. (SBN 218319)
2  280 S. Beverly Drive, Suite PH
   Beverly Hills, California 90212
3  Telephone: (866) 252-0878
4  dazar@milberg.com

5  *Attorney for Plaintiffs*

6
                UNITED STATES DISTRICT COURT
7               NORTHERN DISTRICT OF CALIFORNIA
8
                    SAN FRANSISCO DIVISION
9

10
    DAWN DANGAARD, et al.,                    Case No. 3:22-cv-01101-WHA
11
            Plaintiffs,                       **PLAINTIFFS' ADMINISTRATIVE
12                                            MOTION TO FILE UNDER SEAL
        v.                                    PORTIONS OF THEIR RESPONSE TO
13                                            FENIX DEFENDANTS' MOTION FOR
    INSTAGRAM, LLC, et al.,                   SANCTIONS PURSUANT TO FED. R.
14                                            CIV. P. 11 AND ACCOMPANYING
            Defendants.                       DECLARATION OF DAVID E. AZAR**
15

16                                            Date: August 10, 2023
                                              Time: 8:00 a.m.
17                                            Location: Courtroom 12, 19 Floor
                                              Judge: Hon. William Alsup
18
19                                            Second Amended Class Action Complaint
                                              Filed: September 28, 2022
20

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Dawn Dangaard, Kelly Gilbert, and Jennifer Albaugh (collectively, the "Plaintiffs") request to file under seal portions of Plaintiffs' Response to Fenix Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, portions of the Declaration of David E. Azar in support of that Response (collectively, the "Response papers") and Exhibit 3 thereto.

Plaintiffs submit this request to seal the portions of Plaintiffs' Response papers on the grounds that the proposed redactions are required to protect the privacy interests of a non-party lawyer and his law firm (through which he can be identified) who initially investigated Plaintiffs' claims prior to the filing of the Complaint, as well as the specific amount of Plaintiffs' current costs in this matter. The proposed redactions are narrowly tailored conceal only the identify of the consulting law firm and the dollar amount of Plaintiffs' costs, which are of minimal substantive public interest as the public can still access the details of Plaintiffs' investigation.

Although one court has treated the underlying Rule 11 motion as dispositive, counsel believes that the motion to here is not dispositive because it seeks only to strike certain allegations, and thus a lower shower is required. If, however, the Rule 11 motion is deemed dispositive, Plaintiffs must demonstrate "compelling reasons" to support their request to seal. *See Upek, Inc. v. Authentec, Inc.*, 2010 WL 1980189, at *4 (N.D.Cal.2010) (viewing motions for Rule 11 sanctions as dispositive motions for purposes of sealing). "Compelling reasons justifying the sealing of court records generally exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Google Inc. v. IXI Mobile (R&d) Ltd.*, 2016 WL 10749145, at *1 (N.D. Cal. Oct. 11, 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotations omitted)).

Plaintiffs propose minimal redactions to protect the identity of a non-party law firm, which might also identify a non-party lawyer, who initially investigated the allegations, including anonymously submitted information, that comprised Plaintiffs' Complaint. Courts routinely protect

the identity of similar non-parties where such information "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records." *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing third parties' names where such information); *see also Neasham & Kramer, LLP v. Neff*, 2022 WL, at *2 (E.D. Cal. Jan. 7, 2022) (redacting the identity of a non-party company that was a party to a settlement in a related action). Additionally, there is minimal public interest in the identify of this law firm, as the public can still access the details of Plaintiffs' investigation. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prod. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016). Plaintiffs propose one final redaction for the specific dollar amount Plaintiffs' have incurred in costs in the prosecution of this lawsuit. Courts in this district have found compelling reasons to protect a party's costs as it encompasses private business information and, in this case, Plaintiffs' litigation strategy. *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018)

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order directing that the designated portions of Plaintiffs' Response papers to Fenix Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 be publicly filed with the redactions proposed by Plaintiffs.

Dated: July 19, 2023                          Respectfully submitted,

                                              By: */s/* David Azar

                                              MILBERG COLEMAN BRYSON
                                              PHILLIPS GROSSMAN PLLC
                                              DAVID E. AZAR
                                              280 S. Beverly Drive, Suite PH
                                              Beverly Hills, California 90212
                                              Telephone: 1-866-252-0878
                                              dazar@milberg.com
                                              *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 5-1, I hereby certify that, on July 19, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

DATED: July 19, 2023

                                                      By: /s/ David Azar
                                                              David Azar