Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
michael.esser@kirkland.com

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Yaffa A. Meeran (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
devin.anderson@kirkland.com
yaffa.meeran@kirkland.com

John P. Hannon (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: +1 801 877 8100
Facsimile: +1 801 877 8101
Email: john.hannon@kirkland.com

*Attorneys for Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DAWN DANGAARD, *et al.*,

Plaintiffs,

v.

INSTAGRAM, LLC, *et al.*,

Defendants.

CASE NO. 3:22-CV-01101-WHA

**META'S SUPPLEMENT TO ITS JULY 6, 2023 STATUS REPORT**

Meta submits this supplement to its July 6, 2023 Status Report (ECF No. 166) to bring to the Court's attention a remarkable development that confirms this Court was sold a bill of goods by plaintiffs. Rather than face an inevitable loss at summary judgment and in the face of a Rule 11 sanctions motion by the Fenix Defendants, plaintiffs are attempting to withdraw their bribery allegations. *See* Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of 2nd Am. Compl. (ECF No. 172). And not only that, but plaintiffs are trying to say that "any discussion" of the withdrawn bribery allegations "in the briefing or at oral argument should be deemed withdrawn." Pls.' Resp. to Fenix Defs.' Mot. for Sanctions (ECF No. 173) at 20. That is not how this works. This Court should not permit plaintiffs to breeze into federal court, level incendiary allegations that very senior Meta personnel were bribed by OnlyFans, and then simply say "oops, never mind" when it is shown that those allegations were false and frivolous from the outset.

It is now clear that this case should be dismissed immediately. As the Court recognized, plaintiffs premised their *entire* case on the bribery scheme, and their claims against Meta rise and fall on the veracity of their allegations of bribery. Plaintiffs have been "trying to run away from" the "alleged bribe" that "got them past the 12(b)(6)" stage for months, 3/29/23 Hr'g Tr. (ECF No. 144) at 61:21–62:5, and this Court devised a targeted period of discovery to determine whether these central allegations had merit. Plaintiffs have now conceded that they do not. Plaintiffs have told the Court that they "can no longer certify that the particular factual contentions . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of 2nd Am. Compl. (ECF No. 172) at 2. Without the specific bribery allegations that were essential to the Court's decision denying Meta's motion to dismiss, *id.* at 1–2, plaintiffs have no case.

The Court could therefore very well revisit and reverse its motion-to-dismiss decision and dismiss this case. The Court denied Meta's motion to dismiss based on the "allegation that Meta defendants' employees accepted bribes from Fenix defendants in late 2018 to blacklist competitors of OnlyFans." Order re Mots. to Dismiss (ECF No. 101) at 3–4. Since that Order, the Court has emphasized that the bribery allegations were central to its decision: "the bribe was a big deal. The alleged bribe . . . got [plaintiffs] past the 12(b)(6)." 3/29/23 Hr'g Tr. (ECF No. 144) at 61:21–62:5. Now that plaintiffs are seeking to withdraw the bribery allegations, the Court could exercise its broad discretion to reconsider

and revise its prior order denying Meta's motion to dismiss. *See* Fed. R. Civ. P. 54(b). No further briefing is required, and plaintiffs need not waste the Court's time and resources any further.

If the Court is not inclined to simply dismiss plaintiffs' case outright, then Meta renews the request it made in its July 6, 2023 Status Report (ECF No. 166) for the Court to set an expedited summary judgment schedule. Given that plaintiffs have withdrawn their central allegations, Meta does not foresee how plaintiffs can credibly oppose summary judgment and this process should swiftly result in judgment for Meta.

Once this case is disposed of on the merits, the Court can then consider what sort of sanction is appropriate in these circumstances, where plaintiffs pitched a case that rested on falsehoods and fabrications. Indeed, plaintiffs have litigated this case as a classic bait-and-switch: they made specific bribery allegations that allowed this case to survive a motion to dismiss, failed to provide or obtain any evidence supporting those allegations, and now seek to withdraw those allegations—all while seemingly expecting this case to proceed in some form. This abuse of the court system should not be permitted. The Court has inherent authority to impose sanctions in such instances, where a party engages in "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).[1]

Meta respectfully requests that the Court immediately dismiss this case for failure to state a claim or set an expedited briefing schedule for summary judgment.

[1] Rule 11 also affords the Court the ability to *sua sponte* initiate the sanctions process. *See* Fed. R. Civ. P. 11(c)(3).

DATED: July 24, 2023

KIRKLAND & ELLIS LLP

Respectfully submitted,

*/s/ Devin S. Anderson*

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Yaffa A. Meeran (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: +1 202 389 5000
Facsimile: +1 202 389 5200
winn.allen@kirkland.com
devin.anderson@kirkland.com
yaffa.meeran@kirkland.com

Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: +1 415 439 1400
Facsimile: +1 415 439 1500
michael.esser@kirkland.com

John P. Hannon (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, UT 84111
Telephone: +1 801 877 8100
Facsimile: +1 801 877 8101
john.hannon@kirkland.com

*Attorneys for Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

On July 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Devin S. Anderson*
Devin S. Anderson