David E. Azar, Esq. (SBN 218319)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (866) 252-0878
Email: dazar@milberg.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INSTAGRAM, LLC, et al.,<br><br>Defendants. | Case No.  3:22-cv-01101-WHA<br><br>**DECLARATION OF DAVID AZAR PURSUANT TO COURT'S ORDER RE SANCTIONS HEARING**<br><br>Date: August 10, 2023<br>Time: 8:00 a.m.<br>Location: Courtroom 12, 19 Floor<br>Judge: Hon. William Alsup<br><br>Second Amended Class Action Complaint Filed: September 28, 2022 |

I, David Azar, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner of Milberg Coleman Bryson Phillips Grossman PLLC, counsel for Plaintiffs and the putative class. The following facts are within my personal knowledge and if called upon to testify I could and would competently testify thereto.

2. I submit this Declaration in response to the Court Order Re Sanctions Hearing requesting a further declaration from me as specified in the Order [ECF 180].

3. I am limiting this Declaration to non-privileged information given that the Order stated that this Declaration will be public. I have shown this Declaration to an ethics expert as a secondary check that it does not include any privileged information or waive attorney client privilege or work product. As referenced in Section D of Plaintiffs' brief responding to the sanctions motion, if the Court would like more specific information that falls within attorney client privilege and/or implicates the work product doctrine, I respectfully request leave to file, in camera, a supplemental declaration providing whatever such information the Court requires.

4. The name of the Quinn Emanuel partner who I referenced in Exhibit 3 is Kenneth R. Chiate, a highly accomplished litigator and trial attorney during what his website page describes as 50-year career that included being a former Chairman of the Litigation Department of Pillsbury Winthrop's Los Angeles office.  https://www.quinnemanuel.com/attorneys/chiate-kenneth-r/ (Mr. Chiate recently shifted from partner at Quinn Emanuel to "senior counsel" status).  As I wrote in our response brief at page 7, Mr. Chiate connected me with his client's team of professionals, and I received through them a 28-page factual and legal research memo that I understood had been prepared and refined over time by Quinn Emanuel and its client.  As I wrote in Exhibit 3 (my April 5, 2023 email to Fenix's counsel), during our pre-filing diligence phase Mr. Chiate said he had looked at the wire transfer documents and they appeared authentic (he did not "vouch" for them, which might imply something more).

Similarly, as I wrote in Exhibit 3, Mr. Chiate had told me during our pre-filing diligence phase of a document that he reviewed that sounded identical to the typed transcript of the purported internal report that the Wired reporter said he reviewed in person (and from which Wired provided me a transcript of only one section), and Mr. Chiate told me that it appeared to be authentic, and that the information in it was consistent with other diligence/research by Quinn Emanuel.

5. The Court also asked what I meant by my reference in Exhibit 3 to Quinn Emanuel "reserving a percentage fee." I was referring to the compensation intended for Quinn Emanuel for its original work and expenses, and for any further behind-the-scenes consultation or assistance it might offer during the pre-filing process and the case. As is typical in many contingency cases, our co-counsel or referring counsel are provided with either a percentage to share among them or a lodestar arrangement. Here, we reserved a certain fixed percentage for such counsel to allocate among them as they chose.

6. Finally, the Court asked me to explain my reference in Exhibit 3 to the "regular consultations with [Quinn Emanuel] on legal issues and strategy." Without implicating privileged information, in addition to what I describe in Exhibit 3, from time to time I spoke with Mr. Chiate about topics such as possible claims to pursue, defendants to name, options for jurisdiction, further clarification/elaboration about his analysis before I got involved (since as I learned more, I had follow up questions), public information versus work product information, contacts for additional data, and options for clients. Those communications included phone calls in June, August, September, and October 2021. Further, on November 24, 2021, a few days before we filed the first case in Florida, I texted Mr. Chiate to advise him that "We have now a very near final version of the complaint approved by client to file on Monday," and offered to send him the draft if he "would like to take a quick look and comment." I do not show a response, which did not surprise me because I sent the text at 6:43 p.m. the Wednesday night before Thanksgiving day.

7. By the time we then filed the original complaint in this case on February 22, 2022, the primary attorneys and research paralegal had spent approximately 1,120 hours on this matter, of which I estimate that at least 500 of those hours were spent on pre-filing research of the law and facts of the case before filing suit.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 9, 2023, in Los Angeles, California.

*/s/ David Azar*
David Azar