1  Michael P. Esser (SBN 268634)
   KIRKLAND & ELLIS LLP
2  555 California Street
   San Francisco, CA 94104
3  Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
4  Email: michael.esser@kirkland.com

5  K. Winn Allen, P.C. (admitted *pro hac vice*)
6  Devin S. Anderson (admitted *pro hac vice*)
   Mary Miller (admitted *pro hac vice*)
7  Yaffa A. Meeran (admitted *pro hac vice*)
   KIRKLAND & ELLIS LLP
8  1301 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004
9  Telephone: (202) 389-5000
   Facsimile: (202) 389-5200
10 Email: winn.allen@kirkland.com
   Email: devin.anderson@kirkland.com
11 Email: mary.miller@kirkland.com
   Email: yaffa.meeran@kirkland.com
12
13 *Counsel for Defendants* FACEBOOK
   OPERATIONS, LLC, META PLATFORMS,
14 INC., and INSTAGRAM, LLC

15 [ADDITIONAL PARTIES ON SIGNATURE PAGE]

16

17          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**

18

19 DAWN DANGAARD, *et al*.,

                                          Case No. 3:22-cv-01101-WHA
20                    Plaintiffs,

21       v.                               **CLASS ACTION**

22                                        **JOINT CASE MANAGEMENT**
   INSTAGRAM, LLC, *et al.*              **STATEMENT PURSUANT TO ECF**
23                                        **NO. 192**
                      Defendants.
24                                        **Case Management Conference:**
                                          DATE: October 3, 2023
25                                        TIME:  9:00 a.m.
                                          HON. WILLIAM H. ALSUP
26
                                          Operative Complaint filed: Sept. 28, 2022
27                                        Trial Date: None set

28

**1.   JURISDICTION & SERVICE[1]**

Plaintiffs maintain under 28 U.S.C. § 1332(d)(2)(A) that this Court has subject matter jurisdiction because the aggregated amount in controversy exceeds $5,000,000 exclusive of interest and costs and is a putative class action in which some Plaintiffs are citizens of different states than Defendants.  There are no personal jurisdiction issues regarding Meta.[2]  Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants Meta Platforms Inc., Instagram, LLC, and Facebook, LLC are based in this District, and a substantial part of the events giving rise to the claims allegedly occurred in this District.  Meta waived service of the summons pursuant to the terms of a Joint Stipulation (ECF No. 26.)

**2.   STATEMENT OF FACTS**

Plaintiffs' Statement:   This Court is well-acquainted with the factual allegations and procedural history of this case, and Plaintiffs have nothing to add at this time.

Meta's Statement:   Meta denies Plaintiffs' allegations and expects to establish through discovery that their remaining claims are without merit.

**3.   LEGAL ISSUES**

Plaintiffs' Position: The key legal issues in this case are summarized in detail in paragraph 118 of the Second Amended Complaint (ECF No. 74), and include:

a.      Whether Defendants engaged in any scheme, plan, or contrivance to misuse any automated system to help OnlyFans gain control of the market as an intermediary for adult content and to harm OnlyFans' competitors and the Content Creators that used those competitors' platforms to post content.  The scheme by Defendants suppressed or otherwise reduced access to content that was similar to content advancing the interests of OnlyFans (which was not suppressed) on their social media services for anti-competitive reasons by engaging in, among other things, any form of what is commonly referred to as whitelisting/allowlisting, or blacklisting/denylisting.

---

[1] This Joint Case Management Statement pertains only to Plaintiffs and the Meta defendants.  The Fenix defendants were dismissed.  *See* Order Re Fenix Defendants' FRCP 12(b)(2) Motion To Dismiss And Related Motions To Seal (ECF No. 178).

[2] "Meta" collectively refers to Defendants Meta Platforms, Inc., Instagram, LLC, and Facebook Operations, LLC.

JOINT CASE MANAGEMENT                    - 1 -                    Case No. 3:22-cv-01101-WHA
STATEMENT

b.      Whether Defendants engaged in any scheme, plan, or contrivance to cause Facebook, Instagram, or Meta to hash the Content Creator content that was removed, filtered, moderated, or otherwise subjected to negative actioning and then shared that hash data, and/or any associated labels, classifications, and taxonomies, with internal or external database(s), or collections of information, including those owned, operated, and maintained by non-Meta owned entities, including without limitation the GIFCT Shared Hash Database(s), companies within the Hash Sharing Consortium, or with any others.

c.      Whether Defendants, in engaging in the aforementioned scheme, also used or transitioned their scheme by using other automated systems, classifiers, databases, etc. with the purpose of continuing and covering up their anti-competitive conduct.

d.      Whether Defendants engaged in any scheme, plan, or contrivance, through misuse of automated systems and unrelated to the selection, editing or removal of particular user-created content, to cause Facebook, Instagram, or Meta to give preferential treatment or otherwise benefit OnlyFans over competitors of OnlyFans and Content Creators who promoted those competitors, including possibly corrupt conduct by Defendants' employees and agents who, with Defendants' acquiescence or approval, used Defendants' systems to assist OnlyFans in obtaining protection from enforcement of Defendants' policies and practices against OnlyFans and its content providers and/or suppressing content posted by Content Creators who used OnlyFans' competitors.

e.      Whether Defendants Meta, Instagram, and Facebook are legally responsible for the acts of their agents and employees in furtherance of the alleged scheme/conspiracy, including whether any of the Meta Defendants were aware of Plaintiffs' allegations through internal investigations and/or whistleblower reports, and then failed to remedy it and/or covered it up, thereby acquiescing, endorsing, approving or, at minimum, engaging in negligent hiring and supervision of such agents and employees.

f.      Whether Defendants' conduct constitutes unfair and/or unlawful business practices under the UCL.

g.      Whether Plaintiffs and other Class Members were injured by these actions.

h.      Whether Class Members are entitled to compensatory or punitive damages, restitution and/or injunctive relief as a consequence of the Defendants' actions.

i.      Whether Plaintiffs are entitled to reasonable attorneys' fees and costs.

Meta's Position:  Subject to and without waiving its positions and arguments, Meta submits that the disputed points of law in this case include the following:

a.      Whether Meta will be entitled to judgment as a matter of law.

b.      Whether the alleged actions are protected by Section 230(c)(1) of the Communications Decency Act of 1996, 47 U.S.C. § 230(c)(1).

c.      Whether the alleged actions are protected by the First Amendment of the United States Constitution.  U.S. Const., amend. I.

d.      Whether Meta is liable for any of the alleged claims under principles of agency liability or vicarious liability.

e.      Whether Plaintiffs have viable claims under the law of tortious interference with contract, tortious interference with business relationships, and California's Unfair Competition Law (UCL), Business & Professions Code § 17200 et seq.

**4.      MOTIONS (PRIOR, PENDING, AND ANTICIPATED)**

*Prior Motions*: Meta filed a motion to dismiss on June 30, 2022 (ECF No. 41.)  The Court declined to rule on Meta's motion, and instead ordered Plaintiffs to file an amended complaint to address issues raised in the motion (ECF No. 71.)  Plaintiffs filed their amended complaint on September 28, 2022 (ECF No. 74), and Meta renewed its motion to dismiss on October 11, 2022 (ECF No. 78.)  The Court denied Meta's motion to dismiss on November 30, 2022 (ECF No. 101.)  On December 13, 2022 (ECF No. 105), Plaintiffs revised redactions of the SAC consistent with the Court's November 30 Order.

*Pending Motions:* Plaintiffs' Motion For Issuance Of Letter Rogatory (ECF No. 196), set for hearing on November 2, 2023 at 8:00 a.m.

JOINT CASE MANAGEMENT                    - 3 -                    Case No. 3:22-cv-01101-WHA
STATEMENT

*Anticipated Motions:*

Plaintiffs' Position:  Plaintiffs anticipate filing the following motions with the Court in order to efficiently prosecute this case, in the absence of a stipulated agreement with the relevant Defendants:

(a)    Plaintiffs anticipate a motion to implement a process for the reverse hash comparison, as proposed by Plaintiffs at a prior hearing.  Specifically, Plaintiffs intend to compile a database of content of putative class members that they wish to have hashed using the same methodology as Meta uses, and then compare it both to (1) hash values that Meta has sent to – or withdrew from – the GIFCT, and also (2) to compare it against historical versions/data of the GIFCT Shared Hash Database going back to 2018.  This is a technical endeavor, and it is important to coordinate this from the outset, and it also involves the question of the extent to which Meta's hosting and administration of the GIFCT database puts it within Meta's possession, custody, or control for this process, or if not, how to compel participation by the GIFCT.

(b) In order to promote investigation into the facts, Plaintiffs seek a mechanism to allow current and former employees, contractors, or agents of Meta or Fenix Defendants to come forward with information without risk of retaliation, including people who have left the company after being accused of, or found to have, taken money or other consideration in return for helping or hurting certain social media accounts.  Plaintiffs anticipate a motion that may request (1) the Court to determine that Non-Disclosure Agreements do not prohibit people from speaking about the conduct alleged, and/or (2) that whistleblower protections apply to any current or former Meta or Fenix employee who wishes to speak with Plaintiffs' counsel (or a Court appointed special master) about the allegations in the Complaint.

Meta's Position:   Meta anticipates bringing a motion for summary judgment following discovery on the named Plaintiffs' remaining claims.

5.      **AMENDMENT OF PLEADINGS**

Plaintiffs' Statement:  None anticipated.

Meta's Statement:  None anticipated.

**6.     ELECTRONIC DISCOVERY**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"), and prior to the March 29, 2023 Case Management Conference, had begun to meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties agree that they will continue to meet and confer as to the appropriate and reasonable manner in which e-discovery is to be preserved, collected, and produced.

**7.     INITIAL DISCLOSURES**

Plaintiffs and Meta made their Initial Disclosures under FRCP 26(a)(1) on January 23, 2023, the same day as the original Case Management Report was filed.

**8.     DISCOVERY**

Joint Statement:  The Court previously ordered expedited discovery on Plaintiffs' bribery allegations concerning Meta and three of its executives.  That discovery concluded on July 5, 2023 (ECF No. 159.)  Plaintiffs subsequently withdrew certain allegations of bribery concerning the particular Meta executives as contained in ECF No. 172.  The Court has ordered that the parties continue with discovery going forward on Plaintiffs' remaining claims.

The parties anticipate the scope of discovery will reasonably encompass the claims and defenses asserted by them.  The parties have not yet identified any discovery disputes and will meet-and-confer in good faith regarding discovery, and any proposed limitations, expansions, or modifications of the discovery rules.

Meta's Statement:  The prior discovery conducted into Plaintiffs' now-withdrawn bribery allegations, which were the core of their complaint, squarely established that those claims are baseless.  Meta expects that additional discovery into Plaintiffs' remaining claims will yield the same result.  Nonetheless, Meta will cooperate in good faith in the discovery process.

Plaintiffs' Statement:  Plaintiffs have commenced discovery by serving two sets of Requests for Production (Set One, based on denials in Meta's Answer, and Set Two, requesting particular data and documents), filed a motion asking this Court to issue a Letter Rogatory to an important witness in England, requested deposition dates and witness(es) regarding technical issues (and/or

1    coordination among technical experts), and started the meet-and-confer process with Meta on

2    discovery issues.  Plaintiffs anticipate serving additional party and third-party discovery (though

3    some of it might be more efficient to serve after Plaintiffs receive Meta's initial production, and/or

4    the above referenced depositions or technical meeting among the parties' respective technical

5    experts occurs).

6    **9.    CLASS ACTIONS**

7         All attorneys of record for the parties have reviewed the Procedural Guidance for Class

8    Action Settlements.  Counsel of record for the parties have also reviewed this Court's Notice and

9    Order Re Putative Class Actions And Factors To Be Evaluated For Any Proposed Class Settlement

10   And Protocol For Interviewing Putative Class Members.

11        Meta's Statement:  Meta respectfully submits that merits discovery regarding the named

12   Plaintiffs—before engaging in discovery into class issues—is the best use of the parties' and the

13   Court's resources.  If the Court denies Meta's forthcoming motion for summary judgment after the

14   conclusion of the ongoing discovery process, however, Meta intends to engage in additional written

15   and oral discovery into class-certification issues.  In all events, Meta denies that class-action

16   treatment is appropriate in this case and denies that any class can be certified, and further expects

17   that any class discovery conducted will establish as much.

18        Plaintiffs' Statement: Plaintiffs believe that it is difficult and inefficient in this case to

19   separate merits and class discovery; Plaintiffs are nevertheless open to meet and conferring with

20   Meta as to any particular discovery.

21   **10.   RELATED CASES**

22        There are two pending state court cases relating to the same conduct described herein.  *See*

23   *JFF Publications v. Facebook, et al.*, Case No. 22-CIV-00782 (San Mateo County Superior Court);

24   *Centro Publisher Ltd. v. Fenix Internet LLC et al.*, Case No. CACE-21-021238 (Broward County

25   Florida Circuit Court).  Meta is a defendant in the *JFF* action, which has been stayed since July 21,

26   2023, while proceedings in this case are moving forward.

27        The former Fenix Defendants were also defendants in the *JFF* action, but Judge Foiles

28   granted their motion to quash service of summons for lack of personal jurisdiction.  Only two of

JOINT CASE MANAGEMENT              - 6 -              Case No. 3:22-cv-01101-WHA
STATEMENT

the former Fenix Defendants—Fenix Internet and Mr. Radvinsky—are defendants in the *Centro Publisher* action. Meta is not a defendant in the *Centro Publisher* action.

Plaintiffs in the *JFF* and *Centro* cases are both represented by the law firm who represents Plaintiffs in this case.

**11.    RELIEF SOUGHT**

Plaintiffs' Statement: Plaintiffs seek available remedies for tortious interference with contract (Count 1), intentional interference with business relationships (Count 2), and California's Unfair Competition Law (Count 3), including restitution, compensatory, statutory, and punitive damages, and claims for injunctive relief as well as other available equitable remedies. Plaintiffs also seek attorneys' fees and costs.

Meta's Statement: Meta believes that Plaintiffs are not entitled to relief from Meta. Meta also disputes that Plaintiffs may establish a class-wide basis for awarding monetary or equitable relief. At this stage in the litigation, Meta is not in a position to describe the bases on which any alleged damages should be calculated in the event liability were established.

**12.    SETTLEMENT AND ADR**

Plaintiffs filed their ADR Certification forms with the Court on August 29, 2022 (ECF Nos. 55–57). Meta filed its ADR Certification forms with the Court on August 18, 2022 (ECF No. 48). The parties intend to stipulate to an ADR process.

**13.    CONSENT TO MAGISTRATE**

Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment:

_____Yes _X_No

**14.    OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties have no suggestions to expedite presentation of evidence at trial (e.g., summaries or stipulated facts), or any request to bifurcate issues, claims, or defenses. The parties

1    intend to discuss potential stipulation to the authenticity and admissibility of certain documents and

2    information produced by the parties and presumptive business records from third parties.   The

3    parties agree to work together in good faith to identify any other issues appropriate for narrowing

4    as the case progresses.

5           Meta's Position: Meta submits that the Court may narrow the issues here by first addressing

6    the merits of the named Plaintiffs' allegations through expedited discovery, after which the parties

7    may file motions for summary judgment.  Only after that motions practice—and only if the Court

8    denies Meta's motion for summary judgment—should the parties proceed to discovery related to

9    class certification, as set forth in § 9 and § 17.

10          Plaintiffs' Position: As to Meta's proposal for limited or sequenced discovery, Plaintiffs

11   believe that the Parties have already briefed the issue several times and argued the point at the last

12   hearing, and the Court's Order of September 5, 2023 seemed to resolve the issue by stating that

13   discovery is now open.   Plaintiffs otherwise incorporate by reference their prior briefing and

14   argument in opposition to Meta's proposal.

15   **16.    EXPEDITED TRIAL PROCEDURE**

16          The matter is not suited for Expedited Trial Procedures of General Order No. 64.

17   **17.    SCHEDULING**

18          Plaintiffs' Position:   Plaintiffs believe that Meta's proposed schedule below is too

19   compressed and not realistic.  It assumes that Meta will make a complete and acceptable production

20   the first time, which almost never happens.  It builds in no time to meet and confer or for any

21   supplemental productions, or for issues with third-party discovery, and would involve excessive

22   expense and would prejudice Plaintiffs.  Plaintiffs will need time to review, and have experts

23   analyze, any productions both for substance and to figure out what, if anything, is missing, and then

24   potentially ask follow-up questions and prepare for and take depositions. Meta's proposal also

25   provides Plaintiffs with no opportunity to take discovery as to any of Meta's summary judgment

26   evidence despite an abbreviated and compressed discovery process.   Meta of course has the

27   advantage because they are producing their own documents, have at their disposal hundreds of

28   engineers and other technical personnel to assist them, and understand what particular data is

JOINT CASE MANAGEMENT                    - 8 -              Case No. 3:22-cv-01101-WHA
STATEMENT

available that is material to the claims asserted by Plaintiffs.  And despite all of that, they do not appear ready to respond and make a full production within 30 days in response to Plaintiffs First Set of Document Requests served on August 31, 2023, pertaining to denials in their Answer.  That just illustrates that it is realistic to expect production issues, and analysis, and meet-and-confer efforts to have a more typical timeline.  Further, from Plaintiffs' counsel's experience, trying to separate what is merits discovery from class discovery creates inefficiencies, difficulties, and added expense to discovery, particularly in a case like this where Plaintiffs maintain that data for class members also impacts merits issues.

Plaintiffs' scheduling proposal is more standard, with deadlines for milestones, and then the parties are left to pursue discovery and seek relief from the Court as needed. Plaintiffs' proposed schedule below is substantially similar to the one they submitted in March 2023, and updates the first date based on the date discovery was opened by the Court.  The proposed schedule assumes reasonable cooperation by Defendants as to, at minimum, the procedural aspects with foreign discovery and efficiently resolving any disputes.

| Deadline | Plaintiff's Proposal |
| --- | --- |
| Disclosure of Pl.'s Expert for Class Cert. | December 1, 2024, or sooner if Plaintiffs can promptly obtain data and Hague Convention testimony |
| Motion for Class Cert. Due | 14 days later |
| Opposition Due | 30 days later |
| Reply Due | 14 days later |
| Hearing Date | 14 days later |
| Expert Disclosures | 30 days late after ruling on class certification |
| Expert Disclosures (Rebuttal) | 21 days later |
| Discovery Cut-off | 60 days later |
| L/D to File Discovery Motion | 45 days later |

| | |
|---|---|
| L/D for MSC or Mediation | 21 days later |
| L/D Motion Hearing | 21 days later |
| Final Pretrial Conf. | 60 days later |
| Trial Date | 30 days later |

Meta's Position:  Meta believes the remaining issues, if any, following the withdrawal of Plaintiffs' bribery allegations are straightforward and can be resolved expeditiously.  Meta is committed to working with Plaintiffs to move discovery forward.  Consistent with Meta's proposal above in § 8 and § 9, however, Meta believes the best way to resolve this case is targeted discovery focused on merits issues, followed by summary judgment briefing, rather than first undertaking the cost and burden of class discovery first, as Plaintiffs propose.  As such, Meta proposes the following case schedule for the discovery period into Plaintiffs' remaining claims and subsequent summary judgment briefing:

- **October 10, 2023** – Deadline to serve written discovery
- **October 24, 2023 –** Deadline to respond to requests for production of documents
- **November 7, 2023 –** Deadline to respond to interrogatories
- **December 4, 2023 –** Document production deadline
- **January 29, 2024 –** Deposition deadline
- **February 29, 2024 –** Deadline to file motions for summary judgment
- **March 29, 2024 –** Deadline to file response to any motion for summary judgment
- **April 15, 2024 –** Deadline to file reply to any motion for summary judgment

If summary judgment is denied, then a further schedule that contemplates class certification discovery and briefing and trial can be set.

18.   **TRIAL**

Plaintiffs' Position:  Plaintiff has requested a jury trial and estimates trial of the case, if certified, will last up to 15 days.  Plaintiffs estimate approximately 10–15 witnesses will testify at trial.  If a Class is not certified, Plaintiff anticipates trial will last approximately 10 days, because the technical and other issues will still need to be addressed, they will call 7–12 witnesses.

JOINT CASE MANAGEMENT                           - 10 -                           Case No. 3:22-cv-01101-WHA
STATEMENT

1

Meta's Position:    Meta anticipates trial would last 5 days.

2

**Trial Counsel**

3

Plaintiffs:    David E. Azar, Milberg Coleman Bryson Phillips Grossman PLLC

4

Meta:    Winn Allen, Kirkland & Ellis LLP

5

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

6

Other than the named parties, Plaintiffs have no such interest to report. Plaintiffs disclose

7

that the litigation is being funded by Plaintiffs and their counsel.

8

Defendants filed their Certification of Interested Entities or Persons. (ECF No. 19-21, 61,

9

62.) Defendants Meta Platforms, Inc. (f/k/a Facebook, Inc.), Facebook Operations, LLC, and

10

Instagram, LLC, pursuant to Federal Rule of Civil Procedure 7.1, disclose that they are publicly

11

held corporations with no parent corporation and that no publicly held corporation owns 10% or

12

more of their stock. (ECF No. 16–18.)

13

**20.    PROFESSIONAL CONDUCT**

14

The parties have reviewed the Guidelines for Professional Conduct, and will uphold their

15

professional duties to clients, opposing parties and counsel, the court, and the public.

16

**21.    OTHER MATTERS**

17

**A.    Proposal for Interviews with Putative Class Members.** The parties agree that

18

they will act in accordance with any applicable ethical or procedural rules in speaking with any

19

putative class members about the litigation. The parties believe that a formal protocol for witness

20

interviews is unnecessary at this time given the absence of any evidence that any counsel has

21

engaged in conduct that would necessitate such a protocol. The parties agree to continue to confer

22

in good faith about the necessity of such a protocol in the future.

23

**B.    Involvement of Junior Lawyers.**

24

Plaintiffs' counsel states that attorney Kelsey Davies is working on this case. Ms. Davies

25

earned her J.D. in 2021 and is admitted to practice in Tennessee and in the Eastern and Middle

26

Districts of Tennessee. Plaintiffs intend for Ms. Davies to defend or take depositions, argue

27

discovery-related motions, and to participate actively at trial under the supervision of senior

28

counsel.

JOINT CASE MANAGEMENT    - 11 -    Case No. 3:22-cv-01101-WHA
STATEMENT

1

2

3

4

    Meta plans to provide opportunities for junior lawyers working on this matter to argue discovery-related motions, to take or defend depositions of witnesses, and to participate actively at trial.  Specifically, Meta intends to provide such opportunities for associates Morgan Phoenix (class of 2022), Jennifer Liu (Class of 2023), and Peter Povilonis (Class of 2023).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  September 26, 2023

/s/ Devin S. Anderson
K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Mary Miller (admitted *pro hac vice*)
Yaffa A. Meeran (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: winn.allen@kirkland.com
Email: devin.anderson@kirkland.com
Email: mary.miller@kirkland.com
Email: yaffa.meeran@kirkland.com

-and-

Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: michael.esser@kirkland.com

*Counsel for Defendants* FACEBOOK
OPERATIONS, LLC, META PLATFORMS,
INC., AND INSTAGRAM, LLC

Dated:  September 26, 2023

/s/ David Azar
David Azar (SBN 218319)
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
280 South Beverly Dr., Suite PH
Beverly Hills, CA 90212
Tel: (212) 594-5300 / Fax: (212) 868-1229
dazar@milberg.com

Timothy L. Alger (SBN 160303)
ALGER LAW APC
1020 State Street, Suite 221
Santa Barbara, CA 91301
Tel: (949) 322-4322
tlalger@algerlawapc.com

*Counsel for Plaintiff*

JOINT CASE MANAGEMENT
STATEMENT

- 13 -

Case No. 3:22-cv-01101-WHA