UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAWN DANGAARD, KELLY GILBERT, and JENNIFER ALLBAUGH,

    Plaintiffs,

v.

INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, META PLATFORMS, INC., and JOHN DOES 1–10,

    Defendants.

No. C 22-01101 WHA

**OMNIBUS ORDER RE MOTIONS TO SEAL AND RELATED FILINGS**

    This order addresses outstanding motions to seal. There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Ibid.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

1   In connection with discovery and briefing on personal jurisdiction over Fenix defendants,
2   plaintiffs sought leave for a supplemental filing of an alleged "transcript" of internal Meta
3   investigations obtained from reporters at Wired magazine (Dkt. Nos. 138, 139). Meta
4   defendants move to seal the entire transcript and a portion of plaintiffs' request to file
5   referencing that transcript, questioning its provenance and noting its inflammatory allegations
6   against senior executives in Meta's London offices (Dkt. Nos. 138, 145). Plaintiffs' request
7   was filed the day before the hearing regarding personal jurisdiction and case status on March
8   29, 2023. At the hearing, plaintiffs provided the Court with a copy of that sought filing and the
9   transcript was discussed without mentioning its details to the extent it warranted further
10  jurisdictional discovery, as ordered (Dkt. No. 143). Plaintiffs deposed the Meta executives
11  implicated as well as the Wired reporters, and filed a further supplementary brief in support of
12  specific personal jurisdiction in light of the additional discovery granted (Dkt. No. 167).
13  Plaintiffs eventually withdrew their bribery allegations in this action, and the Fenix defendants
14  were dismissed for lack of personal jurisdiction. *Dangaard v. Instagram, LLC*, No. C 22-
15  01101 WHA, 2023 WL 4869234 (N.D. Cal. July 31, 2023).

16  The stated basis of plaintiffs' request to file the transcript was for the Court to "consider
17  the transcript because it is directly relevant to two issues . . . (1) the proper scope of discovery,
18  including Plaintiffs' requests included in the parties' Joint Rule 26 Report . . . and (2) whether
19  the Court has specific jurisdiction over the Fenix Defendants" (Dkt. No. 139). Given the
20  foregoing procedural history, the transcript was considered when it was provided in hard copy
21  at the hearing allowing further discovery, and the jurisdictional issue has since been decided.
22  As such, plaintiffs' request to file is hereby **DENIED AS MOOT** (Dkt. No. 139).

23  In any event, in its procedural context, the sought filing was at best tangentially related to
24  the merits. While the transcript alleged conduct supporting plaintiffs' theory of the case,
25  plaintiffs requested its filing during jurisdictional discovery to justify "the opportunity to
26  obtain full discovery as to the matters discussed in this transcript provided by Wired, as well as
27  the complete document" (Br. 2–3). Plaintiffs were given that opportunity, which did not prove
28  fruitful: "the Court ordered discovery did not verify the wire transfer records or provide

2

additional evidence that Plaintiffs are relying on to object to the Fenix jurisdiction motion. Therefore, we are not using any of the results of that discovery in support of our opposition" (Pls.' Further Suppl. Br. 4, Dkt. No. 167). Because the transcript did not relate to plaintiffs' jurisdictional theory regarding Fenix defendants, it did not factor into the merits on jurisdiction.

In sum, plaintiffs sought to file, and Meta defendants seek to seal, a document containing incendiary allegations of senior Meta executives to justify additional jurisdictional discovery, which was granted. No ruling was made on the motion to seal prior to the ruling on jurisdiction (as it was ultimately not relevant to that determination), so the public interest in this material is *de minimis*. Good cause therefore exists to seal, and Meta defendants' request to file under seal is **GRANTED** (Dkt. Nos. 138). To be clear, this ruling neither blesses nor condemns the substance of the alleged transcript and the circumstances surrounding its investigation. While plaintiffs' investigation of that document may have fallen by the wayside during jurisdictional discovery, this action is now in the full discovery phase (Dkt. No. 159). Therefore, while Meta's request is adequately tailored in this motion, the analysis may be different should it be filed in a different context.

Relatedly, Meta also seeks to seal certain portions of a status report filed by plaintiffs regarding the progress of jurisdictional discovery (Dkt. Nos. 156, 158). Those are FedPayments Manager printouts that purported to show wire transfers of bribes, and excerpts of a deposition of a Wired reporter regarding their understanding of the alleged transcript. Plaintiffs do not oppose sealing of the wire transfer information, but oppose sealing of the deposition excerpts (Dkt. No. 160). As the foregoing explains, the context of the transcript in this action so far has been limited to the now-moot issue of jurisdiction regarding Fenix defendants (for which it was ultimately irrelevant), and the bribery allegations have been withdrawn. Therefore, Meta defendants' request to file under seal is **GRANTED**, subject to the same caveats (Dkt. No. 156).

In connection with a status report and request for expedited summary judgment briefing schedule, Meta defendants seek to redact portions of deposition transcript excerpts,

3

declarations, and discovery responses related to the above-discussed alleged transcript from Wired (Dkt. No. 165). The status report summarized the jurisdictional discovery taken and asserted that such discovery produced no evidence of the alleged bribes or blacklisting scheme (Dkt. No. 166). Meta defendants further asserted that the "discovery period has closed" and requested an expedited summary judgment briefing schedule. At the subsequent sanctions hearing, the Court made clear that discovery was not closed, and a case management order has since issued setting a summary judgment schedule (Dkt. Nos. 185, 199). In sum, the material sought to be sealed related to — and ultimately did not come to bear on — case management deadlines, which are distinct from the merits. As the foregoing explains, good cause exists to seal discussions of the substance of a transcript that was asserted to support jurisdiction, that has yet to have any bearing on the merits given plaintiffs' withdrawn allegations of bribery. Again, this order's analysis is limited to its current context, and discovery may yet determine the relevance of the alleged transcript to the merits. Meta defendants' request to file under seal is **GRANTED** (Dkt. No. 165).

In connection with Fenix defendants' motion for sanctions, Fenix defendants seek to redact portions of an exhibit to that motion (Dkt. No. 164). The sought redactions are to the name of an individual known to be a minor, and alleged bank account numbers related to wire transfers of bribes. A prior order has ruled that the same information be redacted pursuant to FRCP 5.2(a)(3) and (a)(4), respectively. *Dangaard v. Instagram, LLC*, No. C 22-01101 WHA, 2022 WL 17342198, at *8 (N.D. Cal. Nov. 30, 2022). "Fenix Defendants seek permission to file the exhibit in question in accordance with Rule 5.2(a) and the Court's prior ruling" (Br. 1, Dkt. No. 164). Fenix defendants' request to file under seal is **GRANTED** (Dkt. No. 164).

Also in connection with that motion for sanctions, plaintiffs seek redactions "required to protect the privacy interests of a non-party lawyer and his law firm (through which he can be identified) who initially investigated Plaintiffs' claims prior to the filing of the Complaint, as well as the specific amount of Plaintiffs' current costs in this matter," although plaintiffs' filing does not appear to contain any marked proposed redactions (Dkt. No. 175). Regardless, plaintiffs have already identified this lawyer pursuant to our subsequent order, which stated

4

United States District Court
Northern District of California

that the "order will not be filed under seal, nor shall Mr. Azar's declaration, and most if not all previously so filed will be unsealed" (Dkt. No. 180). That Fenix defendants' law firm Quinn Emanuel was the one that referred this case to plaintiffs' counsel David Azar was squarely part of why the Court denied Fenix defendants' motion for sanctions (Dkt. No. 186, 11–12). So not only is this part of plaintiffs' motion to seal moot, it is also of public interest as it speaks directly to the circumstances of this entire action, while factoring into the merits of the sanctions determination. Neither compelling reasons nor good cause exists to warrant sealing, and this request is **DENIED**.

As to plaintiffs' costs figure, their only citation on this point is a decision granting sealing of confidential financial information of a multinational food company — such as its costs — as part of class certification and *Daubert* motions (Br. 2 (citing *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018))). Litigation costs that plaintiffs have incurred specific to this action are not analogous to a manufacturer's financials usually kept confidential in competitive business practice. Given the foregoing, plaintiffs' request to file under seal is **DENIED** (Dkt. No. 175).

In connection with plaintiffs' briefing on personal jurisdiction over Fenix defendants, plaintiffs have resubmitted pursuant to our prior order excerpts of deposition transcripts of Fenix defendants' Rule 30(b)(6) corporate designees Mr. Lee Taylor and Ms. Susan Lea Beeby, with "new highlighted excerpts" that "presumably reflect Fenix Defendants' current views about sealing" (Dkt. No. 179). The various Fenix email addresses, if they are non-public, may be redacted (Taylor Dep. Tr. 155–62, 164, 166, 168–71, 174–76, Dkt. No. 179-2; Beeby Dep. Tr. 123, Dkt. No. 179-3). References to specific bank names and dollar amounts in those accounts only may be redacted; the context of the questioning is what connection Fenix defendants may have via financial institutions to California, which is pertinent to the merits of personal jurisdiction (Taylor Dep. Tr. 195–99). Furthermore, dollar amounts that are specific terms of contractor agreements usually kept confidential may also be redacted, but only the numbers (Beeby Dep. Tr. 108–09). Fenix defendants' request to file these deposition transcripts under seal is **GRANTED IN PART** (Dkt. No. 179).

Finally, Fenix defendants have submitted a motion to clarify four details in prior sealing determinations (Dkt. No. 188).  *First*, our prior order did not address a reference to confidential dollar figures on page 1 of Plaintiffs' Response (Dkt. No. 122-3), but allowed sealing of such figures throughout the rest of the document.  Accordingly, this request is **GRANTED**.  *Second*, Fenix defendants resubmit narrower versions of prior-sought redactions that redact only the specific names of California financial institutions used by Leonid Radvinsky, "a high-profile individual" and owner of Fenix International Limited.  Fenix defendants submit that such "highly sensitive information" of a high-profile individual may put "the banking institutions, their customers, and Mr. Radvinsky's personal accounts at risk" (Dkt. No. 188 at 3 (citations omitted)).  The narrowed redactions leave indications that institutions are based in California, and thus the redacted portion is not pertinent to the merits of jurisdiction.  This request is **GRANTED**.  *Third*, our prior order did not address a reference to confidential dollar figures and user statistics for Response to Interrogatory 5 on pages 14–15 of Fenix International Limited's Interrogatory Responses (Dkt. No. 122-5), but allowed sealing of such figures throughout the rest of the document.  Accordingly, this request is **GRANTED**.  *Fourth*, Fenix defendants seek reconsideration of denial to seal generalized descriptions of tax payments to California tax authorities.  They point to the existence of a privilege protecting against the forced disclosure of income tax returns under California law, the purpose of which "is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes." *Bowerman v. Field Asset Servs., Inc.*, No. 13-CV-00057-WHO, 2013 WL 6057043, at *1 (N.D. Cal. Nov. 14, 2013) (Judge William H. Orrick) (quoting *Webb v. Standard Oil Co. of Cal.*, 319 P.2d 621, 624 (Cal. 1957)).  While the sought redactions are for generalized descriptions of tax payments and not actual tax returns, such information is at best tangentially related to the merits of this action.  As such, good cause exists to seal Fenix defendants' tax information, and the corresponding redactions as marked in Exhibits 3 and 4 are **GRANTED**.  In sum, Fenix defendants' motion is **GRANTED** (Dkt. No. 188).

The motions to file under seal are granted to the extent described above, and revised materials shall be filed within **TWENTY-ONE DAYS** of this order.

**IT IS SO ORDERED.**

Dated:  October 17, 2023.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7