K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Mary Elizabeth Miller (admitted *pro hac vice*)
Yaffa A. Meeran (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
Email: winn.allen@kirkland.com
Email: devin.anderson@kirkland.com
Email: mary.miller@kirkland.com
Email: yaffa.meeran@kirkland.com

Stephen Tensmeyer (SBN 312030)
KIRKLAND & ELLIS LLP
60 E S. Temple St. Suite 700
Salt Lake City, UT 84111
Tel: (801) 877-8119 / Fax: (801) 877-8101
Email: stephen.tensmeyer@kirkland.com

Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500
Email: michael.esser@kirkland.com

*Attorneys for Defendants Instagram LLC,
Facebook Operations, LLC, and Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC, *et al.*, <br><br> Defendants. | CASE NO. 3:22-cv-01101-WHA <br><br> The Honorable William Alsup <br><br> **DEFENDANTS INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, AND META PLATFORMS, INC.'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE ARGUMENT AND PRESENTATION OF EVIDENCE RELATED TO BRIBERY** <br><br> Trial Date:  October 15, 2024 <br> Time:       7:30 a.m. <br><br> Complaint Filed Date: September 28, 2022 |

**META'S MOTION *IN LIMINE* NO. 3: PRECLUDE ARGUMENT AND PRESENTATION OF EVIDENCE RELATED TO BRIBERY**

During this litigation, plaintiffs initially alleged that OnlyFans paid bribes to high-ranking Meta executives in exchange for the blacklisting of adult entertainment performers associated with competitors of OnlyFans. As the Court put it, "the bribe was a big deal" to plaintiffs' case; "[t]he alleged bribe . . . got [plaintiffs] past the 12(b)(6)." ECF No. 144 (3/29/2023 Hr'g Tr.) at 61:21–62:5. But these bribery allegations were false when made, were proven to be false in a discovery period specifically targeted to them, and were confirmed to be false when plaintiffs filed a notice withdrawing them from the complaint. *See* ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). At that point, the bribery allegations were no longer a "big deal" to plaintiffs' case—they were no longer a part of plaintiffs' case at all. The Court should preclude plaintiffs from reviving their bribery theory at trial for this reason alone.

Federal Rules of Evidence 402 and 403 also provide bases to preclude plaintiffs from claiming that this alleged bribery occurred or presenting any evidence at trial to try and prove it. *First*, because plaintiffs withdrew the bribery allegations from the complaint, any reference by plaintiffs to that alleged bribery or evidence presented to try to establish that bribery occurred is irrelevant to plaintiffs' remaining claims or allegations, and thus inadmissible under Rule 402. *Second*, in any event, plaintiffs' alleged bribery theory should be excluded under Rule 403 because it would cause unfair prejudice to Meta, mislead the jury, and waste the Court's time to hear evidence on a theory that plaintiffs have already admitted they cannot prove and for which discovery has yielded no support. Accordingly, Meta respectfully requests that the Court preclude plaintiffs from arguing that their alleged bribery occurred or presenting any evidence to establish that bribery occurred, including calling witnesses or introducing documentary evidence on this topic.

**BACKGROUND**

In now-withdrawn allegations, plaintiffs alleged that Meta "benefited economically" in return for its "participation in manipulating one or more individual databases and/or lists of dangerous organizations and individuals and for classification/filtering." ECF No. 105 (Second Am. Compl.) ¶ 73; *see also* ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). The

"economic benefits" were allegedly "payments to employees of Meta" made through wire transfers to offshore accounts, which plaintiffs claimed to have a record of in an email with the subject line "Follow the money" from an anonymized sender. *Id.* ¶¶ 73–85; ECF No. 105-4 (Second Am. Compl. Ex. D). These allegations were central to the Court's decision to deny Meta's motion to dismiss; indeed, they "got [plaintiffs] past the 12(b)(6)." ECF No. 144 (3/29/2023 Hr'g Tr.) at 61:21–62:5; *see also* ECF No. 101 (Order re Mots. to Dismiss) at 3–4.

Plaintiffs ultimately "tr[ied] to run away from" these allegations. ECF No. 144 (3/29/2023 Hr'g Tr.) at 61:21–62:5. During a case management conference on March 29, 2023, the Court recognized the centrality of the bribery allegations and ordered the parties to conduct targeted discovery to determine if the alleged bribery actually occurred. *See* ECF No. 143 (3/29/2023 Minute Order). During that targeted discovery period, plaintiffs served subpoenas on third parties who might have knowledge of the alleged wire transfers, including certain banks, the Federal Reserve, and *WIRED* Magazine, as ordered by the Court, *see id.*, and deposed the Meta executives who allegedly received the bribes. This discovery yielded no admissible evidence that any bribery occurred.

To the contrary, all three Meta personnel, Sir Nicholas Clegg, Lady Nicola Mendelsohn, and Mr. Cristian Perrella, categorically denied plaintiffs' bribery accusations multiple times over. *See* ECF No. 232-35 (N. Clegg Decl.); ECF No. 232-36 (N. Mendelsohn Decl.); ECF No. 232-37 (C. Perrella Decl.); ECF No. 232-20 (N. Clegg Dep.) at 60:22–61:10, 62:8–16, 111:13–24; Anderson Decl. Ex. 6 (N. Mendelsohn Dep.) at 40:21–22, 42:7–23, 50:4–6, 73:3–18; ECF No. 232-22 (C. Perrella Dep.) at 32:2–16, 34:9–23, 36:11–37:10. Regarding the purported wire transfer records, Sir Clegg testified that "[n]ot a single word or number in this [the purported wire transfer records] is recognizable to me or conceivable." ECF No. 166-1 at Ex. 1 (N. Clegg Dep.) at 109:11–110:2; ECF No. 232-20 (N. Clegg Dep.) at 111:21–24. Lady Mendelsohn and Mr. Perrella likewise testified that they have no knowledge of the alleged wire transfers and never communicated with anyone from OnlyFans. Ex. 6 (N. Mendelsohn Dep.) at 42:7–15, 50:4–6; ECF No. 232-22 (C. Perrella Dep.) at 36:11–37:10.

The third-party discovery likewise yielded nothing to support plaintiffs' bribery allegations. In response to plaintiffs' request for "documents relating to bribery of any kind . . . related to the" allegations in this case, *WIRED* stated that it had no responsive information. ECF No. 232-23 at 6–7. None of the

Federal Reserve or bank entities that plaintiffs subpoenaed produced any documents or provided any testimony supporting plaintiffs' allegations.

Faced with evidence affirmatively refuting these claims of bribery and no evidence substantiating those claims, plaintiffs filed a notice withdrawing from the complaint the bribery allegations and Exhibit D (a document purporting to show alleged wire transfers from OnlyFans to Meta), and "any statements that appear in briefs they have filed, or that were made during oral arguments, that advocated on the basis of the withdrawn allegations." ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). Plaintiffs told the Court that, following the targeted discovery, they "c[ould] no longer certify that the particular factual contentions in the withdrawn paragraphs and exhibit will likely have evidentiary support." *Id.*

## ARGUMENT

The Court should exclude any argument or evidence related to the bribery previously alleged by plaintiffs under Federal Rules of Evidence 401 and 402. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. And evidence is relevant only if it pertains to a fact that "is of consequence in determining the action." Fed. R. Evid. 401.

Any evidence or alleged fact related to plaintiffs' bribery theory is no longer "of consequence" in this case. Though plaintiffs once premised their entire case on that alleged bribery, they abandoned that theory when they purported to withdraw the bribery allegations from their complaint. ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). At that point, plaintiffs conceded that they did not *then* have evidence to back up the bribery allegations, nor did they expect to *ever* have such evidence. *Id.* (admitting that plaintiffs "c[ould] no longer certify" that bribery allegations would "likely have evidentiary support"). Upon plaintiffs' withdrawal of the bribery allegations, their bribery theory became irrelevant to their case by their own admission. And plaintiffs have not provided any evidence that would justify reviving those claims.

Plaintiffs therefore should not be permitted to call witnesses whose areas of relevant knowledge relate primarily to their bribery theory, like Sir Clegg, Lady Mendelsohn, and Mr. Perrella, or even mention them at all at trial for any reason. This is especially true because plaintiffs specifically withdrew the allegations that these individuals received wire transfers from an OnlyFans entity from the complaint.

*See id.* (withdrawing paragraphs 72–85).  With those paragraphs withdrawn, nowhere in the complaint do plaintiffs allege that Sir Clegg, Lady Mendelsohn, or Mr. Perrella accepted or received any bribes.

Nor should plaintiffs be permitted to introduce documents that plaintiffs claimed supported their bribery theory, like the purported "whistleblower" report and wire transfer records that plaintiffs submitted with their complaint, and the purported "transcript" of an alleged internal Facebook document that plaintiffs provided to the Court at the March 29, 2023 conference.[1]  *See* ECF No. 105-12 (Second Am. Compl. Ex. L); ECF No. 105-4 (Second Am. Compl. Ex. D); ECF No. 138-3 (Pls. Appl. for Leave to File Supplementation Ex. A).  Plaintiffs have never been able to corroborate the contents of the purported "whistleblower" report, other than to say that it "overlaps with some of the allegations" in their complaint. ECF No. 105 (Second Am. Compl.) ¶ 2(f).  Nor have plaintiffs ever been able to authenticate the "transcript," which purports to be a transcript of an alleged Facebook internal document from a completely anonymous source, that was provided to plaintiffs' counsel from a reporter at *WIRED* magazine.  *See* ECF No. 144 (3/29/2023 Hr'g Tr.) at 7:23–8:3; ECF No. 138-3 (Pls. Appl. for Leave to File Supplementation Ex. A).  And plaintiffs *withdrew* the purported wire transfer records from the complaint after discovery proved them to be a fabrication.  ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.) (withdrawing Exhibit D (ECF No. 105-4)).

District courts within the Ninth Circuit routinely grant motions *in limine* to exclude evidence that relates to claims or theories that are no longer part of the case.  *See, e.g.*, *Nichols v. City of San Jose*, 2017 WL 1806599, at *1–2 (N.D. Cal. May 5, 2017) (granting motion to exclude evidence related to claims "[p]laintiff is no longer pursuing" because it "is not relevant and would be a waste of time"); *United States v. Nevada*, 2012 WL 1517296, at *9 (D. Nev. Apr. 30, 2012) (granting motion *in limine* where party "failed to identify virtually any probative value of such evidence to the triable issues actually remaining in this case"); *Guardian Life Ins. Co. of Am. v. Andraos*, 2009 WL 10674144, at *2–3 (C.D. Cal. Sept. 10, 2009) (excluding evidence related to trade secret claim that plaintiff "voluntarily withdrew" because it "is in no way relevant to 'any fact of consequence' to the remaining claims" (citation omitted)); *Prime Media*

---

[1] Meta is filing a separate motion *in limine* to preclude plaintiffs from arguing or presenting any evidence related to any alleged whistleblower, including the purported "whistleblower" report described here.

META'S MOTION *IN LIMINE* NO. 3      4      CASE NO. 3:22-CV-01101-WHA

*Grp., LLC v. Acer Am. Corp.*, 2015 WL 452192, at *4–5 (N.D. Cal. Jan. 22, 2015) (granting plaintiff's motion to exclude reference to "alleged performance issues" in part because they were only relevant to issues that "f[e]ll outside [defendant]'s pleadings" (emphasis & capitalization omitted)). The Court should do the same here and exclude plaintiffs' withdrawn bribery allegations and any of plaintiffs' related evidence from trial.

Plaintiffs' bribery theory should be excluded for the independent reasons that it is likely to unfairly prejudice Meta, confuse the jury, and waste time. *See* Fed. R. Evid. 403. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) (quoting *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules); *see also United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988) ("[P]rejudice outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case.").

Evidence related to plaintiffs' bribery theory is likely to elicit an emotional reaction from the jury. Plaintiffs' claim that executives at Meta—one of the world's largest companies that the jury will undoubtedly be familiar with—accepted bribes is a scandalous and inflammatory accusation. And it is an accusation for which plaintiffs have admitted they have no evidence. *See* ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). It would unfairly prejudice Meta to allow plaintiffs to present the jury with their bribery theory when that theory is based on speculation. And rather than deciding the case on the merits, the jury could be persuaded to give weight to that conspiracy theory. Rule 403 exists to protect against such danger, and the Court should exclude plaintiffs' bribery theory on that basis. *See Waymo LLC v. Uber Techs., Inc.*, 2018 WL 646701, at *22 (N.D. Cal. Jan. 30, 2018) (Alsup, J.) (excluding argument that contained "salacious and inflammatory details . . . that have no discernible relevance to the claims in this case in an apparent bid to poison the judge, if not the jury, against [the other party]"); *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 992 (N.D. Cal.

2022) (excluding reference to defendant's parallel criminal proceeding as unfairly prejudicial because it may "caus[e] the jury to improperly infer that [defendant] has committed the wrongdoing alleged in the present litigation").

Allowing plaintiffs' bribery theory at trial would also confuse the jury as to which issues remain in dispute. Plaintiffs withdrew their bribery allegations because they could "no longer certify" that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." ECF No. 172 (Pls.' Notice of Withdrawal of Certain Paragraphs & One Ex. of Second Am. Compl.). As discussed *supra*, discovery yielded no evidence that this alleged bribery occurred, and instead yielded sworn testimony flatly denying the allegations of bribery. *See, e.g.*, ECF No. 232-20 (N. Clegg Dep.) at 111:21–24; ECF No. 166-1 at Ex. 1 (N. Clegg Dep.) at 109:11–110:2; Ex. 6 (N. Mendelsohn Dep.) at 42:7–15, 50:4–6; ECF No. 232-22 (C. Perrella Dep.) at 36:11–37:10. Discovery also yielded evidence suggesting that the purported whistleblower report was fabricated, as it included pieces of false information, including inaccurate descriptions of Lady Mendelsohn's role and the timing of her employment at Meta. *See, e.g.*, Ex. 6 (N. Mendelsohn Dep.) at 152:19–153:6, 153:16–20. And Meta has maintained throughout this litigation that plaintiffs' bribery allegations (and the entirety of plaintiffs' case) were false and unfounded. Indeed, plaintiffs' bribery theory has not been at issue in this case for almost a year—but the jury could be misled if plaintiffs are permitted to revive that theory. *See Palantir Techs.*, 639 F. Supp. 3d at 987 (excluding evidence of "non-operative trade secret disclosures" due to "a danger of confusing the issues, misleading the jury, undue delay, and wasting time").

Rather than allow plaintiffs to waste the Court's and the jury's time by reviving a theory that they disavowed almost a year ago, the Court should exclude irrelevant and prejudicial evidence relating to plaintiffs' bribery allegations.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court preclude plaintiffs from arguing or presenting any evidence concerning their alleged bribery theory.

| | |
|---|---|
| DATED: July 5, 2024 | /s/ Devin Anderson |

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin S. Anderson (admitted *pro hac vice*)
Mary Elizabeth Miller (admitted *pro hac vice*)
Yaffa A. Meeran (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
Email: winn.allen@kirkland.com
Email: devin.anderson@kirkland.com
Email: mary.miller@kirkland.com
Email: yaffa.meeran@kirkland.com

Stephen Tensmeyer (SBN 312030)
KIRKLAND & ELLIS LLP
60 E S. Temple St. Suite 700
Salt Lake City, UT 84111
Tel: (801) 877-8119 / Fax: (801) 877-8101
Email: stephen.tensmeyer@kirkland.com

Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500
Email: michael.esser@kirkland.com

*Attorneys for Defendants Instagram, LLC, Facebook Operations, LLC, and Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, a copy of the foregoing was served upon all counsel of record via electronic mail.

*/s/ Devin Anderson*
Devin Anderson

1  **MILBERG COLEMAN BRYSON**
   **PHILLIPS GROSSMAN PLLC**
2  David E. Azar (SBN 218319)
   280 S. Beverly Drive, Suite PH
3  Beverly Hills, California 90212
   Telephone: 1-866-252-0878
4  dazar@milberg.com

*Plaintiffs' Attorneys*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DANGAARD, et al., | Case No. 3:22-cv-01101-WHA |
| Plaintiffs, | Hon. William Alsup |
| v. | **PLAINTIFFS' RESPONSE TO METH'S MOTION IN LIMINE NO. 3 TO PRECLUDE ARGUMENT AND PRESENTATION OF EVIDENCE RELATED TO BRIBERY** |
| INSTAGRAM, LLC, et al., | |
| Defendants. | |
| | Trial Date: October 15, 2024 |
| | Time: 7:30 a.m. |

Case No. 3:22-cv-01101-WHA

1    Plaintiffs acknowledge that they have withdrawn certain allegations in the Second Amended Complaint regarding bribery of three specifically named individuals. See Dkt. 172, withdrawing the Second Amended Complaint ¶¶ 2(c), 10(b) and 72-85, and 105-4, and Exhibit D. These claims are no longer part of the case, and Plaintiffs do not intend to present any evidence concerning them.

However, the motion appears to encompass claims that were not withdrawn. For example, Paragraph 86 of the Second Amended Complaint discusses a completely independent bribery allegation, about one adult performer who was able to get her Instagram account reinstated by bribing some Meta employees through sexual favors.

Additionally, one of the Plaintiffs' listed witnesses previously submitted a declaration in this case concerning quid pro quos, including payments accepted by Meta personnel in exchange for fixing accounts. *See* Declaration of Stanislav Fiskin Doc. 173-1 ¶ 11 ("In fact, I have personal knowledge that such an underground market exists, and out of necessity to try to address these inexplicable takedowns, I have made such payments on occasion to fix or protect Instagram accounts (but never to harm any)."); *see also* ¶¶ 12, 15 ("I confirmed early this month, July 2023, through a source referred to me, that Instagram shows the FanCentro Instagram page as permanently banned, and I was quoted $6,000 to try to fix that. But as I said above, my understanding is that any fix would be temporary unless the hash values were cleared.").

More generally, plaintiffs contend that the actions Meta took to promote the interests of OnlyFans and its affiliates, and reduce the visibility of Plaintiffs and OnlyFans competitors, lead to ***a natural inference of a quid pro quo*** (some kind of benefit) by one or more people at Meta to have acted as they did.  That ***general claim was not withdrawn***, and remains an appropriate area for inquiry at trial.

Dated: July 15, 2024                                         Respectfully submitted,

By: */s/* David Azar

- 1 -   Case No.  3:22-cv-01101-WHA
Pltf. Opp to Meta MIL 3

| | |
|---|---|
| 1 | MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC |
| 2 | DAVID E. AZAR |
| 3 | 280 S. Beverly Drive, Suite PH |
| 4 | Beverly Hills, California  90212 |
|   | Telephone: 1-866-252-0878 |
| 5 | dazar@milberg.com |
|   | *Counsel for Plaintiffs* |

**SIGNATURE ATTESTATION**

I, Devin S. Anderson, attest that all signatories listed above, on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document.

/s/ *Devin S. Anderson*
Devin S. Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

                                                   */s/ Devin S. Anderson*
                                                   Devin S. Anderson