**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
David E. Azar, Esq. (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: 1-866-252-0878
dazar@milberg.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN DANGAARD, a/k/a ALANA EVANS, KELLY GILBERT, a/k/a KELLY PIERCE, and JENNIFER ALLBAUGH, a/k/a RUBY, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>**v.**<br><br>META PLATFORMS, INC., INSTAGRAM, LLC, FACEBOOK OPERATIONS, LLC, LEONID RADVINSKY, and JOHN DOES 1-10,<br><br>          Defendants. | Case No. 3:22-cv-01101-WHA<br><br>Hon. William Alsup<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF DESCRIBED IN PARAGRAPH 4 OF THE COURT'S JULY 2 2024 ORDER**<br>Trial Date: October 14, 2024<br>Time: 7:30 a.m. |

1

2

**TABLE OF CONTENTS**

3

TABLE OF AUTHORITES .............................................................................................. iii

4

INTRODUCTION .........................................................................................................1

5

ARGUMENT ...............................................................................................................5

6

I.    Meta Failed to Make the Court-Ordered Certification that It Made A "Complete

7    and Accurate" Production of "Anything Else Possibly Material to the Summary
      Judgment Motion" ..............................................................................................5

8

II.   Meta Still Does Not Know the Full Impact of Falsely Matching Ms. Allbaugh's

9    Content to Terrorist Databases...........................................................................7

10

III.  Meta Failed to Provide the Court-Ordered Discovery Regarding Its Supplemental
      July 2024 Production .......................................................................................11

11

IV.   Meta Used a Seriously Flawed Process for Locating Responsive Documents......14

12

V.    Identification of Additional Discovery ...............................................................24

13

VI.   Plaintiffs request that the Court compel Meta to produce documents and other

14    information associated with its internal investigation as to Plaintiffs'
      Allegations. ....................................................................................................26

15

      A.    Relevant Facts....................................................................................27

16

      B.    Argument ...........................................................................................27

17

      C.    Meta's Insufficient Privilege Log Waives Privilege Over These

18          Documents and Information ................................................................32

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL BRIEF DESCRIBED IN PARAGRAPH 4 OF THE COURT'S JULY 2 2024 ORDER
Case No. 3:22-cv-01101-WHA

## <u>TABLE OF AUTHORITES</u>

Page(s)

<u>Cases</u>

*Apple Inc. v. Samsung,*
   *International Inc.*, 306 F.R.D. 234 (N.D. Cal. 2015)................................................................. 31

*Chaudhry v. Angell*,
   2020 WL 7182083 (E.D. Cal. Dec. 7, 2020) .......................................................................... 28

*Dorf & Stanton Commc'ns v. Molson Breweries*,
   100 F.3d 919 (Fed. Cir. 1996)................................................................................................ 31

*F.R. v. Sonesta Intern. Hotels Corp.*,
   2024 WL 1601258 (C.D. Cal. Feb. 22, 2024)........................................................................ 29

*Hamilton v. Radioshack Corp.*,
   2012 U.S. Dist. LEXIS 84826 (N.D. Cal. June 18, 2012) ...................................................... 28

*In re Google Play Store Antitrust Litig.*,
   664 F. Supp. 3d 981 (N.D. Cal. 2023) ..................................................................................... 6

*In re Grand Jury Investigation*,
   974 F.2d 1068 (9th Cir. 1992) ................................................................................................ 31

*Oliver v. Microsoft Corp.*,
   2013 WL 1397394 (N.D. Cal. Apr. 5, 2013) ......................................................................... 30

*S.T. by and through N.T. v. Los Angeles Unified School District*,
   2020 WL 6114904 (C.D. Cal. Aug. 25, 2020)....................................................................... 29

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981)................................................................................................................ 28

**CERTIFICATE OF SERVICE**

1

2        I hereby certify that on August 29, 2024, the foregoing was electronically filed with the

3   Clerk of the U.S. District Court, Northern District of California, using the CM/ECF system, which

4   will send notification of such filing to all parties.

5

6                                                      /s/ David E. Azar
                                                       David E. Azar

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SUPPLEMENTAL BRIEF DESCRIBED IN PARAGRAPH 4 OF THE COURT'S JULY 2 2024 ORDER
Case No. 3:22-cv-01101-WHA