**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
David E. Azar, Esq. (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (866) 252-0878
dazar@milberg.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSISCO DIVISION

| | |
|---|---|
| DAWN DANGAARD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC, et al., <br><br> Defendants. | Case No. 3:22-cv-01101-WHA <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO KEEP SEALED EXHIBIT FILED WITH PLAINTIFFS' ADMINISTRATIVE [DOC. 316]** <br> **[Civil Local Rule 79-5]** <br><br> Judge: Hon. William Alsup <br><br> Trial date: October 15, 2024 <br> Time: 7:30 a.m. |

Case No. 3:22-cv-01101-WHA; PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO KEEP SEALED EXHIBIT FILED WITH PLAINTIFFS' ADMINISTRATIVE

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11(b) and 79-5(f), Plaintiffs oppose Meta's Motion to Keep Sealed Exhibit Filed with Plaintiffs' Administrative Motion to Consider Whether Material Designated By Another Party Should be Sealed ("Motion"). (Doc. 316).

**THE MATERIALS AT ISSUE**

Meta seeks to maintain under seal certain portions of Plaintiffs' Reply Supplemental Brief, (Doc. 311-3), which Meta has designated as confidential.

**LEGAL STANDARD**

Plaintiffs agree that Meta must satisfy the "compelling reasons" standard under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) in order to avoid public disclosure of the materials at issue.

**META FAILS TO MEET STANDARD FOR SEALING**

Meta's justifications for sealing the documents at issue continue to have similar deficiencies to its many pending requests to seal. Meta continues to fail to meet the stringent "compelling reasons" standard; continues to base its motion on unsupported speculation and without the required evidentiary support; and continues to make facially "overly broad" requests, which alone "may result in denial of the motion." L.R. 79-5 (c)(2), (c)(3), & (d)(6).

Much of this argument overlaps with the concurrently filed oppositions to Meta's request to seal portions of Plaintiffs' supplemental brief (Doc. 306) and Meta's request to seal portions of its opposition papers and exhibits. (Doc. 307). Plaintiffs incorporate those arguments by reference.

The party seeking sealing must specifically explain: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. Further, any sealing order must be "narrowly tailored." *MasterObjects, Inc. v. Amazon.com, Inc.*, 2022 WL 4074653 (N.D. Cal. Sept. 5, 2022) (quoting Civ. L.R. 79-5(c)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179. Meta's assertion of vague and speculative harm does not meet the compelling reasons standard under *Kamakana*.

- 1 - Case No. 3:22-cv-01101-WHA
PLAINTIFFS' RESPONSE IN
OPPOSITION OF SEALING

1   The information at issue in Plaintiffs' Reply Supplemental Brief (Doc. 314) pertains to a Meta employee deposition that Meta has moved to seal in its entirety. *See* Doc. 307. However, the information does not contain sensitive proprietary or confidential information that would cause competitive harm or enable bad actors to circumvent Meta's systems if disclosed. Rather, as explained in detail in the other pending oppositions to sealing the information consists of broad and high-level descriptions of Meta's content moderation workflow and capabilities, and does not include sensitive technical details that would be useful for any bad actors. Much of this information has been made public by Meta itself, such as in its Community Standards Enforcement Report where it provides statistics and explanations of how its systems detect and take action against violating content. Meta has also published blog posts and given interviews describing in general terms how its content moderation systems use machine learning, automation, and human review. Meta fails to explain how a high-level description of its content moderation capabilities could be abused by bad actors, especially when much of it has already been discussed publicly. In reality, any bad actor would need far more detailed and technical information for it to be of any use. Accordingly, Meta has not properly articulated compelling reasons to seal this type of information when similar information is already public.

## **CONCLUSION**

For these reasons, the Court should deny Meta's overbroad and unsubstantiated request to seal portions of Plaintiffs' Reply Supplemental Brief. The strong presumption of public access outweighs Meta's vague assertions of confidentiality and competitive harm. Much of the information Meta seeks to redact is already public and would not enable circumvention of its systems if disclosed. Meta should not be permitted to litigate this case in secret by sealing large swaths of the record.

Dated: September 23, 2024                                Respectfully submitted,

By: */s/* David Azar

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC

- 2 -   Case No. 3:22-cv-01101-WHA
PLAINTIFFS' RESPONSE IN
OPPOSITION OF SEALING

DAVID E. AZAR
280 S. Beverly Drive, Suite PH
Beverly Hills, California  90212
Telephone: 1-866-252-0878
dazar@milberg.com
*Counsel for Plaintiffs*

- 3 -   Case No. 3:22-cv-01101-WHA
PLAINTIFFS' RESPONSE IN
OPPOSITION OF SEALING

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, the foregoing was electronically filed with the Clerk of the U.S. District Court, Northern District of California, using the CM/ECF system, which will send notification of such filing to all parties.

/s/ David E. Azar
David E. Azar