UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAWN DANGAARD, et al.,

        Plaintiffs,

    v.

INSTAGRAM, LLC, et al.,

        Defendants.

No.  22-01101 WHA

**ORDER RE MOTION TO SEAL [DKT. NOS. 227, 230, 231]**

This order addresses motions to seal (Dkt. Nos. 270, 230, 231) which stem from plaintiffs' motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 228) and Meta's motion for summary judgment (Dkt. No. 232).

The public enjoys the right to know to whom the public courts provide relief (or not). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Filings "more than tangentially related to the merits of a case" may be sealed only for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.). That "standard applies to most judicial records," with a "good cause" standard applying otherwise. *Id.* at 1098. Parties seeking to seal filings in this district must also follow basic rules, Civil L.R. 79-5.

Plaintiffs filed a motion to dismiss for lack of subject matter jurisdiction, but provisionally filed their motion under seal (Dkt. No. 227), because of information that Meta had designated as confidential. But Meta does not seek to keep it under seal (Dkt. No. 236). As such, the motion to seal to this material is **DENIED**.

United States District Court
Northern District of California

1        This order now addresses materials within Meta's motion for summary judgment that

2    were designated as confidential by either plaintiffs or Meta.  Meta filed an administrative

3    motion (Dkt. No. 231) to seal material within its motion for summary judgment that plaintiffs

4    had designated as confidential.  Plaintiffs, however, do not seek to keep their materials under

5    seal (Dkt. No. 234).  As such, Meta's administrative motion to seal (Dkt. No. 231) is **DENIED**.

6        This order now addresses materials contained within Meta's motion for summary

7    judgment that Meta wishes to keep sealed (Dkt. No. 230).  In the brief supporting Meta'

8    motion to seal, Meta cites three general arguments for why its materials should be either

9    partially or fully sealed.  *First*, Meta states that citing to its internal policies of how it

10   moderates content and statistics reflecting how Meta blocks certain content would allow

11   "malicious actors to take advantage of this specialized internal information to circumvent or

12   otherwise render ineffective" Meta's moderation processes (*id*. at 2).  Meta argues that its

13   ability to prevent such conduct   *Second*, that Meta's content moderation policies could cause

14   competitive harm if disclosed because competitors could copy Meta's techniques to better

15   operate their online services (*ibid*.).  *Third*, that some of the information contains personal

16   identifying information and other material implicating the privacy interests of third parties (*id*.

17   at 4).

18       As a preliminary issue, Meta seeks to seal portions of the motion for summary judgment

19   itself.  Given that the motion is dispositive, Meta must articulate a compelling reason to justify

20   sealing swaths of a dispositive motion.  This order finds that Meta has not met its burden.

21   Though Meta seeks to seal specific sentences and headers, all of the proposed redactions speak

22   to the merits of the action for which the public should have access.  The manner in which Meta

23   moderates content from an adult platform competing with OnlyFans versus content that

24   originates from OnlyFans is directly at issue.  Therefore, Meta's general policies which

25   articulate the extent to which sexual content is permitted on any of Meta's social media

26   platforms are also relevant.  Moreover, this order finds that Meta has not demonstrated that any

27   of the proposed redactions threaten competitive harm or would teach someone how to override

28   its moderation process; Meta makes vague arguments but none articulate *how* an unsealed

United States District Court
Northern District of California

1   motion would actually lead to any of these supposed harms.  For these reasons, Meta's

2   proposed redactions within its motion for summary judgment are **DENIED**.

3       Meta also seeks to seal portions of its opposition expert report, written by Mr. Doug

4   Bania (Dkt. No. 230-6, Exh. 31).  As with the written motion for summary judgment, this order

5   finds that Meta has not met its burden in identifying a compelling reason as to why it should

6   seal parts of this expert report.  The proposed redactions expound upon issues that tie directly

7   into the merits of this action; absent any compelling reason regarding prospective harm, this

8   exhibit must be unsealed.  As such, Meta's proposed redactions for Exhibit 31 attached to its

9   motion for summary judgment is **DENIED**.

10      This order now addresses the remaining requested sealings, and rules as follows:

11

| Sealed Dkt. No. (Pub. Dkt. No.) | Document/Exhibit | Result | Reasoning |
|---|---|---|---|
| Dkt. No. 230-4 (Dkt. No. 232-27) | Exh. 25 | Proposed redactions are **DENIED**. | This declaration speaks to how Meta moderates sexual content, which goes to the merits of this action. |
| Dkt. No. 230-5 (Dkt. No. 232-28) | Exh. 26 | Proposed redactions are **DENIED**. | These responses speak to Meta's moderation policies, which goes into the merits of this action. |
| Dkt. No. 230-7 (Dkt. No. 232-44) | Exh. 42 | *Entirety*, **DENIED**. | While this exhibit documents Meta's internal policies about how it moderates sexual content, Meta has not met its burden justify sealing.  Meta vaguely alludes to a competitive harm if its moderation policies are disclosed, but this issue goes to the heart of this action.  As such, this exhibit should be unsealed. |
| Dkt. No. 230-8 (Dkt. No. 232-45) | Exh. 43 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed.  The remainder of the exhibit should not be sealed. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Dkt. No. 230-9 (Dkt. No. 232-47) | Exh. 45 | **GRANTED IN PART AND DENIED IN PART.** | This exhibit is relevant to the central allegations of this action and Meta also relies on it in its motion for summary judgment. Names should remain sealed. The remainder of the exhibit should not be sealed. |
|---|---|---|---|
| Dkt. No. 230-10 (Dkt. No. 232-48) | Exh. 46 | **GRANTED IN PART AND DENIED IN PART.** | *See entry for Exh. 45.* Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 230-11 (Dkt. No. 232-49) | Exh. 47 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 230-12 (Dkt. No. 232-50) | Exh. 48 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 230-13 (Dkt. No. 232-51) | Exh. 49 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 230-14 (Dkt. No. 232-60) | Exh. 58 | **GRANTED IN PART AND DENIED IN PART.** | While this exhibit documents Meta's internal policies about how it moderates sexual content, Meta has not met its burden justify sealing. Meta vaguely alludes to a competitive harm if its moderation policies are disclosed, but this issue goes to the heart of this action. As such, only the name may be redacted. The result must be unsealed. |
| Dkt. No. 230-15 (Dkt. No. 232-61) | Exh. 59 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |

The movant shall file public versions of the aforementioned documents in full compliance with this order by **JANUARY 31, 2025, AT NOON**.

**IT IS SO ORDERED.**

Dated:  December 12, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE