UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAWN DANGAARD, et al.,

    Plaintiffs,

  v.

INSTAGRAM, LLC, et al.,

    Defendants.

No. 22-01101 WHA

**ORDER RE MOTIONS TO SEAL [DKT. NOS. 250, 254]**

    This order addresses motions to seal (Dkt. Nos. 250, 254) that stem from plaintiffs' opposition to Meta's motion for summary judgment (Dkt. No. 251).

    The public enjoys the right to know to whom the public courts provide relief (or not). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Filings "more than tangentially related to the merits of a case" may be sealed only for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.). That "standard applies to most judicial records," with a "good cause" standard applying otherwise. *Id.* at 1098. Parties seeking to seal filings in this district must also follow basic rules, Civil L.R. 79-5.

    Plaintiffs filed several exhibits with their opposition to Meta's motion for summary judgment. Meta moves to seal either parts of or entire exhibits that were attached to plaintiffs' opposition brief. Meta also moves to seal portions of plaintiffs' brief itself. This order rules as follows:

| **Sealed Dkt. No.** (Pub. Dkt. No.) | **Document/ Exhibit** | **Result** | **Reasoning** |
|---|---|---|---|
| Dkt. No. 250-3 (Dkt. No. 239-1) | Exh. A-1 | *Entirety*, **DENIED**. | Meta argues that this exhibit should remain under seal because it is irrelevant to the ultimate issue of the action. While this may be true, Meta still has not met the lesser standard of good cause. *Ctr. for Auto Safety*, 809 F.3d at 1097. |
| Dkt. No. 250-4 (Dkt. No. 239-2) | Exh. A-2 | *Entirety*, **DENIED**. | This information is readily available in the public record and does not warrant sealing. |
| Dkt. No. 250-5 (Dkt. No. 239-3) | Exh. A-3 | **GRANTED IN PART AND DENIED IN PART.** | Names and email addresses belong to individuals who are not named in this suit and thus warrants sealing. The content of the email, however, should not be sealed. Nor has Meta demonstrated otherwise. |
| Dkt. No. 250-6 (Dkt. No. 239-4) | Exh. A-4 | **GRANTED IN PART AND DENIED IN PART.** | *See entry for Exh. A-3.* |
| Dkt. No. 250-7 (Dkt. No. 239-5) | Exh. A-5 | **GRANTED IN PART AND DENIED IN PART.** | *See entry for Exh. A-3.* |
| Dkt. No. 250-8 (Dkt. No. 239-6) | Exh. A-6 | *Entirety*, **DENIED**. | Meta has not demonstrated why this exhibit warrants sealing. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |

2

| | | | |
|---|---|---|---|
| Dkt. No. 250-9 (Dkt. No. 239-7). | Exh. A-7 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-10 (Dkt. No. 239-8). | Exh. A-8 | *Entirety*, **DENIED.** | Meta has not demonstrated why this exhibit warrants sealing. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |
| Dkt. No. 250-11 (Dkt. No. 239-9) | Exh. A-9 | *Entirety*, **DENIED.** | *See entry for Exh. A-8.* |
| Dkt. No. 250-12 (Dkt. No. 239-10) | Exh. A-10 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-13 (Dkt. No. 239-11) | Exh. A-11 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-14 (Dkt. No. 239-12) | Exh. A-12 | *Entirety*, **DENIED.** | *See entry for Exh. A-8.* |
| Dkt. No. 250-15 (Dkt. No. 239-13) | Exh. A-13 | *Entirety*, **DENIED.** | *See entry for Exh. A-8.* |
| Dkt. No. 250-16 (Dkt. No. 239-14) | Exh. A-14 | *Entirety*, **DENIED.** | *See entry for Exh. A-8.* |
| Dkt. No. 250-17 (Dkt. No. 239-15) | Exh. A-15 | **GRANTED IN PART AND DENIED IN PART.** | Names and email addresses belong to individuals who are not named in this suit and thus warrants sealing. |

| | | | |
|---|---|---|---|
| | | | The content of the email and messages, however, should not be sealed. Nor has Meta demonstrated otherwise. |
| Dkt. No. 250-18 (Dkt. No. 239-16) | Exh. A-16 | *Entirety*, **DENIED**. | Meta has not demonstrated why this exhibit warrants sealing. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |
| Dkt. No. 250-19 (Dkt. No. 239-17) | Exh. A-17 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-20 (Dkt. No. 239-18) | Exh. A-18 | *Entirety*, **DENIED**. | *See entry for A-16.* |
| Dkt. No. 250-21 (Dkt. No. 239-19) | Exh. A-19 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-22 (Dkt. No. 239-20) | Exh. A-20 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-23 (Dkt. No. 239-21) | Exh. A-21 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-24 (Dkt. No. 239-22) | Exh. A-22 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-25 (Dkt. No. 239-26) | Exh. A-26 | *Entirety*, **DENIED**. | *See entry for A-16.* |

4

| | | | |
|---|---|---|---|
| Dkt. No. 250-26 (Dkt. No. 239-27) | Exh. A-27 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-27 (Dkt. No. 239-28) | Exh. A-28 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-28 (Dkt. No. 239-29) | Exh. A-29 | *Entirety*, **DENIED.** | Meta has not demonstrated why this exhibit warrants sealing. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |
| Dkt. No. 250-29 (Dkt. No. 239-30) | Exh. A-30 | *Entirety*, **DENIED.** | *See entry for Exh. A-29.* |
| Dkt. No. 250-30 (Dkt. No. 239-31) | Exh. A-31 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-31 (Dkt. No. 239-32) | Exh. A-32 | *Entirety*, **DENIED.** | *See entry for Exh. A-29.* |
| Dkt. No. 250-32 (Dkt. No. 239-33) | Exh. A-33 | *Entirety*, **DENIED.** | *See entry for Exh. A-29.* |
| Dkt. No. 250-33 (Dkt. No. 239-34) | Exh. A-34 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-34 (Dkt. No. 239-35) | Exh. A-35 | *Entirety*, **DENIED.** | *See entry for Exh. A-29.* |

5

| | | | |
|---|---|---|---|
| Dkt. No. 250-35<br><br>(Dkt. No. 239-40) | Exh. A-40 | *Entirety*, **DENIED**. | Meta has not demonstrated why this exhibit warrants sealing. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |
| Dkt. No. 250-36<br><br>(Dkt. No. 239-41) | Exh. A-41 | *Entirety*, **DENIED**. | *See entry for Exh. A-40.* |
| Dkt. No. 250-37<br><br>(Dkt. No. 239-42) | Exh. A-42 | *Entirety*, **DENIED**. | *See entry for Exh. A-40.* |
| Dkt. No. 250-38<br><br>(Dkt. No. 240-7) | Exh. A-49 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-39<br><br>(Dkt. No. 240-8) | Exh. A-50 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 240-40<br><br>(Dkt. No. 240-9) | Exh. A-51 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |
| Dkt. No. 250-41<br><br>(Dkt. No. 240-10) | Exh. A-52 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |

6

| **Dkt. No.** (**Pub. Dkt. No.**) | **Exhibit** | **Page and Result** |
|---|---|---|
| Dkt. No. 254-9 (Dkt. No. 241-5) | Exh. A-60 Dawn Dangaard Dep. Tr. (Mar. 20, 2024) | Page 123<br>• Lines 4-11: **DENIED**. The highlighted text speaks to one of plaintiff's main arguments, and Meta has not met its burden to justify sealing.<br><br>Page 146<br>• Lines 24-25: **DENIED**. Meta has not met its burden to justify sealing.<br><br>Page 147<br>• Lines 1-4: **DENIED**. Meta has not met its burden to justify sealing.<br>• Lines 9-10: **DENIED**. The name which appears in these lines also appears else where in the transcript unredacted.<br>• Lines 15-25: **DENIED**. These lines speak to plaintiffs' main arguments, and Meta has not met its burden to justify sealing.<br><br>Page 148<br>• Lines 1-2: **DENIED**. These lines speak to one of plaintiffs' main argument, and Meta has not met its burden to justify sealing.<br><br>Page 155<br>• Lines 16-25: **DENIED**. These lines speak to one of plaintiffs' main argument, and Meta has not met its burden to justify sealing.<br><br>Page 156<br>• Lines 1-9: **DENIED**. These lines speak to one of plaintiffs' main argument, and Meta has |

|   |   |   |   |
|---|---|---|---|
|   |   |   | not met its burden to justify sealing.<br>• Lines 11-16: **DENIED**.  These lines speak to one of plaintiffs' main argument, and Meta has not met its burden to justify sealing.<br><br>Page 169<br>• Lines 16-21: **DENIED**.  Meta has not met its burden to justify sealing.<br><br>Page 181<br>• Lines 15-25: **DENIED**.  These lines speak to one of plaintiffs' main argument, and Meta has not met its burden to justify sealing. |
| Dkt. No. 254-10<br><br>(Dkt. No. 241-5) | Exh. A-60<br><br>Dawn Dangaard Dep. Tr.<br>(Mar. 20, 2024) | Page 231<br>• Lines 4-7: **DENIED**.  This is a question asked by counsel and does not reveal any information.<br>• Lines 9-15: **DENIED**.  These lines speak to an argument raised in plaintiffs' opposition to Meta's motion for summary judgment.  Because the argument is raised in briefing for a dispositive motion, these lines should remain unsealed.<br><br>Page 232<br>• Line 4: **DENIED**.  Meta has not met its burden to justify sealing.<br><br>Page 233<br>• Lines 3-6: **DENIED**.  This is a question asked by counsel and does not reveal any information.<br><br>Page 246:<br>• Lines 2-19: **DENIED**.  These lines speak to one of plaintiffs' |

|   |   |   |
|---|---|---|
|   |   | main arguments regarding Meta's treatment of content which originates from OnlyFans.<br>• Lines 21-25: **DENIED**, for the same reason as lines 2-19.<br><br>Page 247<br>• Line 1: **DENIED**. These lines speak to one of plaintiffs' main arguments regarding Meta's treatment of content which originates from OnlyFans.<br>• Lines 7-8: **DENIED**, for the same reason as line 1.<br>• Lines 18-22: **DENIED**, for the same reason as line 1.<br><br>Page 251<br>• Lines 13-16: **DENIED**. The information discussed in these lines is discussed in the following lines, which are unredacted.<br><br>Page 253<br>• Lines 17-22: **DENIED**. These lines speak to one of plaintiffs' main arguments regarding Meta's treatment of content which originates from OnlyFans.<br><br>Page 254<br>• Lines 1-4: **DENIED**. These lines speak to one of plaintiffs' main arguments regarding Meta's treatment of content which originates from OnlyFans.<br>• Lines 6-14: **DENIED**, for the same reason as lines 1-4.<br><br>Page 255<br>• Lines 21-25: **DENIED**. These lines speak to plaintiffs' central argument regarding whether they or other adult performers |

| | | | have been included on the DOI List by Meta.<br><br>Page 256<br>• Lines 1-25: **DENIED**. These lines speak to plaintiffs' central argument regarding whether they or other adult performers have been included on the DOI List by Meta. |
|---|---|---|---|

| **Sealed Dkt. No.**<br><br>**(Pub. Dkt. No.)** | **Document/ Exhibit** | **Result** | **Reasoning** |
|---|---|---|---|
| Dkt. No. 250-43<br><br>(Dkt. No. 241-6) | Exh. A-61 | *Entirety*, **GRANTED**. | The document appears to be attorney work product prepared in connection with this action. |
| Dkt. No. 250-44<br><br>(Dkt. No. 241-7) | Exh. A-62 | *Entirety*, **GRANTED**. | *See entry for Exh. A-61*. |
| Dkt. No. 250-47<br><br>(Dkt. No. 246-2) | Exh. A-69 | **GRANTED IN PART AND DENIED IN PART.** | Names should remain sealed. The remainder of the exhibit should not be sealed. |

| **Dkt. No.**<br><br>**(Pub. Dkt. No.)** | **Exhibit** | **Page and Result** |
|---|---|---|
| Dkt. No. 254-12<br>(Dkt. No. 241-8). | Exh. A-63<br><br>Kelly Gilbert Dep. Tr. (Mar. 15, 2024) | • Page 20: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>• Page 22: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>• Page 36: proposed redactions are **DENIED**. This line involves a central issue in this case, which is use of the GIFTCT.<br><br>• Page 52: proposed redactions are |

|  |  |  |
|---|---|---|
|  |  | **DENIED.** This line speaks to a central issue in this action which was the allegedly disproportionate actioning of non-OnlyFans adult entertainers. |
|  |  | • Page 61: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |
|  |  | • Page 68: proposed redactions are **DENIED.** Meta has not met its burden to justify sealing. |
|  |  | • Page 74: proposed redactions are **DENIED.** Meta has not met its burden to justify sealing. |
|  |  | • Page 108: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations. Meta has not met its burden to justify sealing. |
|  |  | • Page 109: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations. Meta has not met its burden to justify sealing. |
|  |  | • Page 136: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |
|  |  | • Pag 137: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |
|  |  | • Page 138: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |
|  |  | • Page 139: proposed redactions are **DENIED.** These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |

| | | |
|---|---|---|
| | | - Page 148: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 151: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 153: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 190: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 196: proposed redactions are **DENIED**. These lines speak to plaintiffs' central allegations in this action. Meta has not met its burden to justify sealing. |
| Dkt. No. 254-13<br><br>(Dkt. No. 241-8) | Exh. A-63<br><br>Kelly Gilbert Dep. Tr. (Mar. 15, 2024) | - Page 205: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 206: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 231: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 236: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 267: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 268: proposed redactions are **DENIED**. Meta has not met its burden to justify sealing.<br><br>- Page 298: proposed redactions are **DENIED**. These lines speak to plaintiffs' central allegations in this action. Meta |

12

| | | |
|---|---|---|
| | | has not met its burden to justify sealing. |
| Dkt. No. 254-15<br><br>(Dkt. No. 243-1) | Exh. A-67<br><br>Jennifer Allbaugh Dep. Tr.<br>(Mar. 15, 2024) | • Page 114: proposed redactions are **DENIED**.  Meta has not met its burden to justify sealing.<br><br>• Page 115: proposed redactions are **DENIED**.  Meta has not met its burden to justify sealing.<br><br>• Page 146: proposed redactions are **DENIED**.  These lines speak to plaintiffs' central allegations in this action.  Meta has not met its burden to justify sealing.<br><br>• Page 149: proposed redactions are **DENIED**.  These lines speak to plaintiffs' central allegations in this action.  Meta has not met its burden to justify sealing.<br><br>• Page 207: proposed redactions are **DENIED**.  Meta has not met its burden to justify sealing. |
| Dkt. No. 254-16<br><br>(Dkt. No. 243-1) | Exh. A-67<br><br>Jennifer Allbaugh Dep. Tr.<br>(Mar. 15, 2024) | • Page 247: proposed redactions are **DENIED**.  These lines speak to plaintiffs' central allegations in this action.  Meta has not met its burden to justify sealing.<br><br>• Page 248: proposed redactions are **DENIED**.  These lines speak to plaintiffs' central allegations in this action.  Meta has not met its burden to justify sealing.<br><br>• Page 281: proposed redactions are **DENIED**.  Meta has not met its burden to justify sealing. |

This order will now turn to the last three sets of proposed redactions by Meta.  *First*, Meta seeks to redact portions of plaintiffs' opposition brief to Meta's motion for summary judgment (Dkt. No. 250-51).  To be clear, given that plaintiff's opposition relates to a dispositive motion, Meta must meet its burden under the "compelling reason" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1097.  This order finds that Meta has not met its burden.  Meta's states that some of these materials are "competitively sensitive" which would cause harm or should be sealed because these materials are otherwise "irrelevant in the case" (Dkt. No. 254 at

13

2,4). But Meta's contentions are vague at best. Nowhere does Meta explain *how* these statements would cause harm. As such, Meta's boilerplate language does not meet the "compelling reason" standard. Therefore, Meta's proposed redactions of plaintiffs' opposition to Meta's motion summary judgment is **DENIED**.

*Second*, Meta seeks to redact portions of plaintiff Jennifer Allbaugh's declaration attached to plaintiffs' opposition to Meta's motion for summary judgment (Dkt. No. 250-49). Here, Meta must also meet the "compelling reason" standard. Meta argues that Allbaugh's declaration is irrelevant to the ultimate issues of the case and that it seeks to promote public scandal (Dkt. No. 254 at 5). This order finds, however, Meta's contentions farfetched. In fact, Meta does not seek to redact the paragraph of Allbaugh's declaration which could actually be construed as spiteful (Dkt. No. 250-49 ¶ 53). And after reviewing the rest of Meta's proposed redactions, this order finds that none of them warrant sealing. As such, Meta's proposed redactions of Allbaugh's declaration is **DENIED**.

*Third,* Meta seeks to redact portions of plaintiff Kelly Gilbert's declaration attached to plaintiffs' opposition to Meta's motion for summary judgment (Dkt. No. 250-50). Meta offers no specific reason as to why Gilbert's declaration requires redactions. Nor does Meta's boilerplate language meet its burden under the "compelling standard" requirement. As such, Meta's proposed redactions of Gilbert's declaration is **DENIED**.

The movant shall file public versions of the aforementioned documents in full compliance with this order by **JANUARY 31, 2025, AT NOON**.

**IT IS SO ORDERED.**

Dated:  December 12, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

14