UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN DANGAARD, et al., | |
|     Plaintiffs, | No. 22-01101 WHA |
|   v. | |
| INSTAGRAM, LLC, et al., | **ORDER RE SEALING**<br>**(DKT. NOS. 276, 281, 288)** |
|     Defendants. | |

This order addresses motions to seal (Dkt. Nos. 276, 281, 288) which stem from the supplemental discovery filings in this action.

The public enjoys the right to know to whom the public courts provide relief (or not). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Filings "more than tangentially related to the merits of a case" may be sealed only for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.). That "standard applies to most judicial records," with a "good cause" standard applying otherwise. *Id.* at 1098. Parties seeking to seal filings in this district must also follow basic rules, Civil L.R. 79-5.

This order now addresses the requested sealings, and rules as follows:

| Sealed Dkt. No. | Document/Exhibit | Result | Reasoning |
|---|---|---|---|
| Dkt. No. 276-2 | Exhibit A<br><br>Decl. of Remy Gayet | **GRANTED IN PART AND DENIED IN PART.** | Although this declaration was not attached to Meta's motion for summary judgment, this declaration sheds light on central allegations in this action. However, given the risk that a third party use this information for a nefarious purpose, the following language/numbers shall be redacted:<br>• ¶ 4, line 10: the rest of the sentence after "from."<br>• ¶ 4, line 10: the number after "under."<br>• ¶ 5, line 16: the number after "above."<br>• ¶ 7, line 1: the number after "of."<br>• ¶ 9, line 21: the number after "of."<br>• ¶ 10, line 25: the number after "of."<br>• ¶ 11, line 14: the number after "of."<br><br>The remainder of the declaration must be unsealed. |
| Dkt No. 281-2 at 3-4 | Meta's Motion *in Limine* # 1 | Proposed redactions are **DENIED**. | These same allegations are present elsewhere in the record and do not warrant sealing here. |
| Dkt. No. 281-2 at 16 | Plaintiffs' Response in Opposition to Meta's Motion *in Limine* #1 | Proposed redactions are **DENIED**. | Meta has not sufficiently articulated how these will cause competitive harm. |
| Dkt. No. 281-2 at 10-11 | Plaintiffs' Response in Opposition to Meta's Motion *in Limine* # 2 | Proposed redactions are **DENIED**. | Given that the general upshot of the redactions (and the potential use) of this report is explained elsewhere in the response, sealing is unwarranted. |

2

| Dkt. No. 281-4 | Exhibit 3 | Proposed redactions are **DENIED**. | Meta's has not demonstrated that its terms of service, as described in these proposed redactions, could lead to future harm. |
|---|---|---|---|
| Dkt. No. 281-5 | Exhibit 2 | *Entirety*, **GRANTED.** | Given that this exhibit does not speak to the merits of this action, sealing is permitted. |

This order will now address Appendix 2 to the parties' proposed pretrial order (Dkt. No. 288-1. Plaintiffs seek to seal the personally identifiable information (PII) of third-party individuals, which would include the non-public email addresses and phone numbers of individuals who may have been witnesses had this action gone to trial (Dkt. No. 295). Given that pages 11 through 193 comprises of essentially just PII, those pages are to be **SEALED**. As such, the requested redactions are **GRANTED**.

The movant shall file public versions of the aforementioned documents in full compliance with this order by **JANUARY 31, 2025, AT NOON**.

**IT IS SO ORDERED.**

Dated: December 12, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE